GRIFFIN *v.* STATE.

[90 South. 11.  No. 21977.]

CRIMINAL LAW. *Party compelled to incriminate himself in preliminary trial of another held immune in prosecution.*

Section 1792, Code of 1906 (section 2106, Hemingway's Code), is not repealed by section 9, chapter 189, Laws of 1918, and under the provisions of these sections, where a party is introduced as a witness at the preliminary trial of one charged with manufacturing liquors, and compelled to disclose a violation of the liquor laws on his part, he is immune from prosecution for the same.

APPEAL from circuit court of Chickasaw county.

HON. W. A. ROANE, Judge.

Gus Griffin was convicted of feloniously distilling intox-
icating liquors, and he appeals. Reversed, and appellant
discharged.

*J. H. Ford,* for appellant.

The facts in this case are that this appellant was ar-
rested and carried before the mayor's court as a witness
against Cleve Tucker and others on a charge of making
whisky, placed on the stand as a witness, and testified, some
claim without being forced to do so, and some that he was
compelled to do so. After he testified in those cases against
those parties, his evidence also incriminating him, affida-
vits were also made against appellant based on his testi-
mony, and he bound over to await the action of the grand
jury.

Now it is contended for the state here that unless he
was compelled to testify there but did it voluntarily when
placed on the stand, as was the contention of some of the
witnesses for the state, he can be prosecuted in this case on
the transaction, matter or thing, concerning which he there
testified. We do not so understand the statute. We un-
derstand that if a person is summoned to appear "before a
grand jury, or before any court, or in any cause or pro-
ceeding, criminal or otherwise, based upon or growing out
of any alleged violation of this chapter, etc., and shall neg-
lect or refuse to so attend or testify, etc., he shall be guilty
of a misdemeanor. Section 2106, Hemingway's Code. Of
course, one way to summon such a witness is to take him
bodily before such tribunal, as was done in this case. It
would be to make a mere farce of this provision to say that
a witness summoned before a tribunal to give evidence
touching the liquor laws would not be immune from prose-
cution because after he went before such tribunal in an-
swer to that summoned and testified without being com-
pelled to do so, he is guilty of a misdemeanor if he neglects

to do so. He is thus compelled by the law not to neglect to so testify under pain of prosecution for such failure or neglect.

Thus appellant did not waive his privilege in the mayor's court and subject himself to prosecution simply because when carried before that court as a witness, he did not refuse to so testify until he was absolutely compelled to do so, as contended by the state. True it is that some of the witnesses for the state testified that when put upon the stand he told it without being compelled to do so as he contended, but as above shown that would not alter the situation.

The two cases of *Brown* v. *State* and *Felder* v. *State,* cited by the state, are not in point here. Those were homicide cases. Of course, in that character of case the rule here contended for by appellant would not apply because the statute does not provide that in that character of case one who testifies to facts incriminating himself, whether summoned or not, shall thereafter be immune from prosecution, or that he may be compelled to testify to facts incriminating himself in such case. If one is placed on the stand and testifies to facts incriminating himself in a murder case, does not claim his privilege and testifies, his evidence may be used against him anywhere. He does not there violate the law by refusing or neglecting to testify, and cannot be compelled to do so where it incriminates himself.

But the state claims that because he may have told the same story incriminating himself to Paulk before he was placed on the stand he could be prosecuted even if he was required to testify later. We do not so understand the law. That is what the law of 1918 attacked as unconstitutional in appellant's original brief undertook to do; make one who had been thus required to testify under penalty of failure, subject to prosecution if sufficient evidence independent of his testimony so given could be produced against him to convict him. In other words, that law undertakes to say to the citizen: "You must appear and give evidence

318   GRIFFIN *v.* STATE.   [Sup. Ct.

Brief for appellee.   [127 Miss.

even though it incriminates you, and you must go to jail if you refuse or neglect to do so, and then if we can get sufficient evidence against you independently of the evidence you there give to convict you, we will also punish you for the same offense about which we have compelled you to testify, though it incriminates you."

Again, the state contends that the question whether appellant was compelled to testify when placed on the stand in the mayor's court or simply went ahead and testified without being threatened or compelled, voluntarily, as they would put it, was a question of law for the court and not the jury to decide. It is admitted that there was at least a conflict in the evidence touching that point. Then it was a question of fact for the jury to pass upon.

"But," says the state, "admitting that there was a conflict in the testimony as to whether appellant was compelled to or voluntarily testified in the mayor's court, and admitting that this conflict made an issue of fact for the jury to pass upon, still the refusal of the instructions asked for the defendant submitting that fact to the jury was nevertheless harmless because the overwhelming weight of the testimony showed that the defendant voluntarily testified in the mayor's court and was not compelled there to incriminate himself." Who can say the jury would not have believed the evidence for the defense on that point? If they could, under the evidence at all, have found that fact in favor of the defendant, that issue must be submitted to the jury and it is fatal error for the court to refuse instructions for the defendant so submitting such issue. *De Silva* v. *State,* 91 Miss. 776, 45 So. 611.

Appellant was carried before the mayor's court as a witness and there testified against Cleve Tuckers and others for making the whisky in question on the part of the state, incriminating himself as a witness for the state, and should not be prosecuted for that transaction, matter or thing about which he so testified as is being done in this case.

We say that he should be discharged.

*H. C. Holden,* special assistant attorney-general, for the state.

At the conclusion of the evidence for the state the defendant moved to exclude the evidence and requested the court to give him a peremptory instruction of acquittal, on the ground that the defendant was immune from prosecution in the court below since he had been compelled to testify against himself in the mayor's court by testifying as a witness against the two other negroes who assisted him in making the whisky. This motion was overruled by the court. The defendant then put on his testimony and the case went to the jury.

The action of the court in overruling the above motion and in refusing to grant a peremptory instruction, was proper. Only the defendant himself was able to state that he testified involuntarily in the mayor's court. According to all the other witnesses present during the trial of the case in the mayor's court the defendant voluntarily testified in that court. Having voluntarily testified in the mayor's court, the defendant waived his privilege of refusing to testify on the ground that to do so would incriminate him. Had he refused to testify in the mayor's court and had he then been compelled to testify under section 2106, Hemingway's Code, or under section 9, chapter 189, Laws of 1918, then he could not have been prosecuted and tried in the court below. But having waived his privilege in the mayor's court he was subject to prosecution for a violation of the law arising out of the same transaction to which he testified in the mayor's court. By testifying voluntarily in the mayor's court he waived the immunity secured to him by the foregoing statutes. *Brown* v. *State,* 108 Miss. 46, 66 So. 288; *Felder* v. *State,* 108 Miss. 580, 67 So. 56.

Whether or not the defendant waived his privilege of refusing to testify in the mayor's court on the ground of self-incrimination, was a question for the court below to decide. It was not a question for the jury, but was a

question of law. It is a strange attitude that the defendant takes in this case. In the trial court he denied all connection with the making of the whisky. He absolutely denied his guilt. And yet he says that he incriminated himself by his testimony in the mayor's court.

Moreover, the defendant not only incriminated himself in the mayor's court, but he confessed the crime to the witness J. B. Pauk before the trial took place in the mayor's court. This confession, like his testimony in the mayor's court, was free and voluntary. The appellant maintains that the issue of whether or not he voluntarily testified in the mayor's court should have been submitted to the jury, since there was a conflict in the evidence regarding this point. The witnesses, J. B. Pauk, I. B. Pauk, and Joe Harrington (county attorney) testified that the defendant made his statement in the mayor's court voluntarily. This was denied only by the defendant himself, testifying in his own behalf in the court below. But the court below properly refused the instructions requested by the defendant which appear on page 24 of the record. The question of whether or not the defendant had waived his privilege in the mayor's court was a question of law for the court to decide. If the evidence had shown this to be true, then it would have been the duty of the court to discharge the defendant, but the court having decided that this was not true, properly submitted the issue of guilt or innocence to the jury.

But granted that the refusal of the two instructions was error, it nevertheless was harmless. The jury would have reached the same verdict if the instructions had been given, because the overwhelming weight of the testimony showed that the defendant voluntarily testified in the mayor's court and was not compelled to there incriminate himself. Had this issue been submitted to the jury, they could not have escaped the conclusion that the defendant had waived his privilege in the mayor's court and had lost his immunity from prosecution in the circuit court.

The judgment of the lower court should be affirmed.

COOK, J., delivered the opinion of the court.

Appellant, Gus Griffin, was convicted of feloniously distilling intoxicating liquors and sentenced to the penitentiary, and from this sentence he prosecutes this appeal.

The facts necessary to be stated are substantially as follows: Early one morning an officer in the town of Houston found appellant intoxicated and in possession of a bottle of whisky. He arrested appellant and turned him over to another officer, and then proceeded to a house near by which was occupied by Cleve Tucker and Anna Williams. There he found a quantity of whisky and a complete still which gave evidence of having been operated the night before. The occupants of the house were arrested and carried to the mayor's office, where they were tried and placed under bond to await the action of the grand jury on a charge of manufacturing liquor. Upon the trial of these parties appellant, while under arrest, was sworn and introduced by the state as a witness against these occupants of the raided house. In delivering this testimony appellant disclosed facts which incriminated him and upon which he was likewise bound over to await the action of the grand jury upon the charge of distilling liquor, and in default of bond he was sent to jail. Appellant was afterwards indicted by the grand jury upon the charge for which he was held, and upon the trial of this indictment the state offered in evidence the incriminating statements which he had made when he was used as a state's witness in the mayor's court. At the conclusion of the testimony for the state, appellant filed a motion to exclude the evidence and grant him a peremptory instruction, "because it is shown that in the mayor's court the defendant was put on the stand to testify, and did so testify about this matter, and he cannot now be prosecuted for anything in connection with the matter, since he was there put on the stand and made to testify."

This motion was overruled, and the action of the court in so doing is assigned as error.

The decision of the question presented by this assignment involves a consideration of our statutes requiring any person to testify when introduced as a witness in any prosecution for a violation of the laws touching the subject of intoxicating liquors, or any law of the state having for its purpose the promotion of temperance and the suppression of the evils of intemperance.

Section 1792, Code of 1906 (section 2106, Hemingway's Code), provides as follows:

"No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to incriminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court: Provided, that no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying. Any person who shall neglect or refuse to so attend or testify, or to answer any lawful inquiry, or to produce books or other documentary evidence, if in his power to do so, shall be guilty of a misdemeanor, and, upon a conviction thereof, shall be punished by a fine of not less than one hundred dollars or more than five hundred dollars, or by imprisonment for not more than ninety days, or by both such fines and imprisonment."

Section 9, Chapter 189, Laws of 1918, provides:

"That no persons shall be excused from testifying before the grand jury or on the trial in any prosecution for any violation of this act, or other law of this state for the promotion of temperance and the suppression of the evils of intemperance; but no disclosure or discovery made by such person is to be used against him in any criminal or penal prosecution for or on behalf of the matters disclosed."

Section 21, Chapter 189, Laws of 1918, provides:

"That this is a supplemental act and does not constitute a complete revision of the laws upon the subject matter involved, and that all acts and parts of acts, and all laws and parts of laws heretofore passed, are hereby repealed and modified only when the same are in conflict with the provisions of this act, but the act approved February 16, 1916, known as the nonshipping law and as chapter 103 of the laws of 1916 in relation to the shipment and delivery of liquors, is hereby repealed, and that this act, among other things, is intended to furnish a substitute for the said chapter 103 of the laws of 1916, and to displace the said latter act."

The question arises whether section 1792, Code of 1906, was repealed by the enactment of section 9, chapter 189, Laws of 1918? By the express terms of section 21 of the said chapter 189, this Code section is not repealed by section 9 of said chapter unless the two are in conflict. The purpose sought to be accomplished by both statutes is to render available, in prosecutions of this character, the testimony of any person who may have knowledge of the violation of any law on the subject of intoxicating liquors, although the testimony of the witness may tend to incriminate him or subject him to a penalty. It is true that the penalty for a failure or refusal to testify, as prescribed in section 1792 of the Code, is not brought forward in section 9 of the said chapter 189 of the Laws of 1918, but the two enactments are entirely harmonious in the purpose sought to be accomplished thereby, and both seek to grant immunity to the person who is so required to testify. We conclude, therefore, that there is no conflict between the two enactments, and that both are in full force.

Appellant here was arrested and. carried before the mayor's court, and there introduced as a witness against one charged with manufacturing liquors, and in delivering his testimony, which he was compelled to do under the provisions of section 9, chapter 189, Laws of 1918, he disclosed facts which incriminated himself; and under the pro-

visions of these sections he is immune from prosecution for any transaction or thing concerning which he testified.

We conclude, therefore, that the motion to exclude the evidence and grant a peremptory instruction to find the defendant not guilty should have been sustained.

*Reversed, and appellant discharged.*