JAMES HOWARD ET AL. *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.    *Gambling.*    *Code* 1892, § 1431.    *Separate offenses.*
   *Several defendants.*

   Code 1892, § 1431, providing that in prosecutions for gambling
   the state may give in evidence any one or more offenses of the
   same character, not barred by limitation, committed anterior to
   the day laid in the indictment, but in such case after conviction
   or acquittal on the merits the defendant shall not be again
   prosecuted for any offense of the same character committed an-
   terior to said date, does not:

   (*a*) Aid an indictment for gambling charging a number of defend-
   ants with individual offenses; nor

   (*b*) Authorize the conviction of a number of persons indicted
   jointly for gambling upon proof of individual offenses committed
   by them separately.

2. SAME.    *Interest of witness.*    *Immunity from punishment.*    *Instruction.*
   *Code* 1892, ¿ 1432.

   It is error to refuse a defendant on trial for gambling, against
   whom a state's witness under indictment for a like offense has
   testified, an instruction informing the jury that in determining
   the interest of a witness they might consider the fact that by
   testifying for the state the witness was discharged from liability
   to punishment for the offense charged against him, although the
   instruction failed to enumerate the conditions under which the
   immunity is obtainable by the terms of Code 1892, § 1432, pro-
   viding that every witness, when summoned, shall appear and
   give evidence of all offenses against the gambling law of which
   he shall have knowledge, and a witness so summoned and giv-
   ing evidence, without procurement or contrivance on his part,
   shall be thereafter exempt from criminal prosecution for such
   offense in relation to which he testifies in good faith.

3. SAME.    *Special plea.*    *Autrefois convict.*

   It is improper to deny a defendant charged with gambling the right
   to plead a former conviction, even after the trial has begun on a
   plea of not guilty.

FROM the circuit court of Lafayette county.
HON. PERRIN H. LOWREY, Judge.

Howard and eighteen others, appellants, were indicted, tried and convicted of gambling and appealed to the supreme court.

The appellants were jointly indicted by the grand jury for gambling. The indictment, leaving off the formal parts, alleges that the parties indicted "on the first day of February, 1902, in said county, did unlawfully play at a certain game and games of dice commonly called 'craps' for money." A demurrer was interposed to this indictment on the ground that it joins charges for separate and distinct offenses against separate individuals, thus denying each defendant his constitutional right to be informed of the nature and cause of the accusation against him. This demurrer was overruled. After the trial had proceeded for some length, defendants offered to file a plea of *autrefois convict,* but the court refused to permit them to do so.

Argued orally by *W. V. Sullivan,* for appellants, and by *J. N. Flowers,* assistant attorney general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

We think it clear that there was a motion made to compel the district attorney to elect as to which offenses and against what parties he would proceed. The failure of the court to do this is also made one of the grounds of the motion for a new trial. It is also clear that some of the defendants offered to file proper pleas of former conviction. This the court refused to allow to be done. It is true that this action of the court is not made the ground of the motion for a new trial, but, as the cause must be reversed, it is proper to say that the court ought to have allowed the pleas to have been filed.

The instruction marked 4 1-2 for the defendants is as follows: "The court charges the jury that in determining the interest a witness has in the case they are at liberty to consider the fact, if the proof shows it, that such witness is under indictment for gambling, and that, if he testifies in behalf of the state, he is thereby discharged from liability to fine or punishment on account of such violation of the law. The jury has the right to

look to this fact, if shown by the testimony, in determining what weight, if any, they will give to his testimony." This instruction the court refused to give. In view of the provisions of § 1432 of the code of 1892 and of the testimony in the case, the refusal of this charge was fatal error. That section is as follows: "Every witness, when summoned, shall appear and give evidence of all offenses against the provisions of law as to gambling or gaming of which he shall have any knowledge; and a witness, so summoned and giving evidence without procurement or contrivance on his part, shall be thereafter exempt from criminal prosecution for such offense in relation to which he shall have so testified in good faith."

The testimony shows that some of these witnesses were codefendants in this same indictment, and that they testified in good faith for the state in reference to the very offenses embraced in this indictment. There are two conditions of immunity provided by said section: First, that such witnesses must have been summoned by the state, and must have given evidence without procurement or contrivance on their part and in good faith; second, their exemption is exemption from prosecution for the very offense in relation to which they shall have so testified. But this immunity is a matter between them and the state. It is not necessary that the charge for the other defendants shall set out the conditions of this immunity. It is enough for the charge in this respect to state that they had obtained such immunity, and this the charge does.

But there is a more serious error still to be noted. Section 1431 of the code of 1892 provides: "On the trial of all indictments for gambling or gaming, the state shall not be confined in the proof to a single violation, but under the indictment charging a single offense may give in evidence any one or more offenses of the same character committed anterior to the day laid in the indictment and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not be again liable to prosecution for any offense of the same

character committed anterior to the day laid in the indictment."
Under this section it is proper for an indictment to charge any
single defendant with the commission of "any one or more of-
fenses of the same character" committed within the statutory
period anterior to the day laid in the indictment; second, it is
also competent under this statute for the indictment to charge
any number of defendants with the joint commission of any one
or more offenses of the same character as therein stated. But
it is not competent, nor was it ever the purpose of the legislature,
to permit under this statute an indictment to charge any number
of separate and distinct individuals with the commission of sepa-
rate and distinct offenses under the gambling law, wholly dis-
connected in time and place each from the other. If the oppo-
site contention were sound, it would be proper for an indictment
under this section to charge fifty men in each of the five super-
visor's districts of a county—two hundred and fifty men in all—
with the commission of ten thousand separate acts of gambling,
although each and every act of gambling should be, as to time and
place, wholly distinct from each and every other act of gambling.
The law never contemplated any such boundless confusion, and
the case of *Lea* v. *State,* 64 Miss., 294, 1 South., 244, and *Straw-
hern* v. *State,* 37 Miss., 422, properly understood, do not support
such contention. It is to be especially noted that in neither one
of these cases was there any demurrer to the indictment, nor
was there any motion to quash the indictment on this special
ground which we are considering; and, further, it is to be spe-
cially noted that the court in both these cases specially pointed
out that "the legality and sufficiency of the indictment" in this
respect was not presented for decision. And it is further to be
noted that in the case of *Lea* v. *State* it is expressly indicated
that, if objection had been properly taken to the indictment on
the ground that it permitted the "joinder of charges for separate
and distinct offenses against separate and distinct in-
dividuals," the indictment would have been quashed.
In the Strawhern case the language of the court at

page 428 upon the first and second propositions shows clearly that it was dealing with the question of inserting several distinct felonies or misdemeanors of the same degree in the same indictment against the same offenders. The indictment there contained two counts. The first count was an indictment for playing at tenpins, the second count was for playing at pool; and the motion to quash in that case was on the sole ground that the indictment charged two distinct offenses against the same defendant—a wholly distinct ground from the one we are considering. So the motion to compel the district attorney to elect and to compel him to proceed upon the charge of either playing the game of tenpins or of pool was on that ground alone. This falls very far short of presenting the objection here under review. In Strawhern's case the third exception had been disposed of on the ground that the witness was competent because he had no interest, and all that is stated as the additional reason why he should have been permitted to testify is pure dictum. The dictum contained a discussion as to whether the indictment charged four persons with the joint commission of the offense, and the court stated that the circuit judge had adopted the construction of the indictment which would make it a charge that each of the defendants was "severally" charged with the commission of separate and distinct misdemeanors. And the court in the Lea case (very unnecessarily, as we think), treated the Lea case and the Strawhern case as identical. It is true that in the Strawhern case the point for consideration (similar to the one here) was whether the second charge for the defendants was properly refused, and the court held that, since no objection had been taken to the indictment, and the circuit judge had adopted the construction indicated, there was no error in the refusal. But the curious fact remains that the first instruction for the state in the Lea case most manifestly shows that the district attorney asked it, and the court gave it, on the view that the indictment—identical with the indictment in the Strawhern case—did charge the joint commission of the same character of offenses by Becky Lea with

some other persons. In both clauses of said instruction the word "with" is used. In the first clause it is said that if the jury believed Becky Lea played "with" the other three; in the second clause it is said that if the jury believed Becky Lea played "with" any one else. Yet the court, in its opinion, said it felt constrained by the Strawhern case, in which no such instruction is shown, and in which, on the contrary, this court expressly stated that the circuit court had proceeded not upon the theory that the defendants had played with anybody else, but that each defendant had severally played at a particular game. It must also be carefully noted that in both cases, however, this court stressed specially the fact that no objection was taken to the indictment by the demurrer or motion to quash, on the precise ground we are reviewing. Certainly this statute must be construed remedially, and not penally for the suppression of gambling; but just as certainly an indictment under it must not infringe the constitutional right of the defendant to be precisely informed of the nature and cause of the accusation against him. It is true, § 1431, Code 1892, permits the state to show in evidence any one or more offenses of the same character committed within the period of the statute of limitations; but the last clause of that section, recognizing the unusual liberty thus granted the state, expressly provides that in such case, "after conviction, the accused shall not again be liable to prosecution for any offense committed anterior to the day laid in the indictment." This shows the cautious regard the legislature had for this constitutional right of the defendant, lest too broad a liberty might be given the state. The verbiage of that statute further indicates that it is dealing with either a single accused person or with a number of accused persons jointly committing offenses against the gambling laws. From all which considerations it must be perfectly clear that no such indictment as this can be allowed. If an illustration of the utter impropriety of such an indictment is needed, it is furnished by the chaos presented by this record. Here are nineteen persons indicted in one and the same indict-

ment, and under this indictment evidence was introduced, over the objection of defendants, of a multitude of offenses against the gambling laws, committed not jointly, but severally by each of the defendants, at various times and places within the period of the statute of limitations. Evidence was allowed to go to the jury over the objection of defendants of games played by different groups and sets of the defendants at wholly different and distinct times and places for the period named, without there being the slightest connection shown between the games played at one time and place and the games played at various other times and places, or between the separate groups of players at different times and places. The court even allowed the state to show in its testimony games played singly by each separate person at times and places wholly distinct from games separately played by each of the other persons at wholly distinct and separate times and places. The law is not the "author of confusion."

We will construe § 1431, Code 1892, with the greatest liberality permissible and consistent with the defendants' constitutional right above indicated. But to sustain this indictment would not only abolish this right, but introduce a system of criminal pleading wholly at war with clearness, order, and justice. This indictment upon the return of the cause into the circuit court should be dismissed, and the defendants held to answer proper indictments.

*Reversed and remanded.*