F. V. WALL *v.* STATE.

[62 South. 417.]

CRIMINAL LAW. *Code* 1906, *section* 1792. *Immunity to witness.*

Under Code 1906, section 1792, so providing, where a party has been summoned before the grand jury and compelled to disclose a violation of law on his part, he is immune from prosecution for the same.

APPEAL from the circuit court of Forest county.
PAUL B. JOHNSON, Judge.

F. V. Wall was convicted of failing to perform his duty as an officer in the enforcement of the liquor laws, and appeals.

The facts are fully stated in the opinion of the court.

*Currie & Smith* and *Currie & Currie,* for appellant.

We submit that the court below erred in sustaining the state's demurrer to the defendant's special plea. It

is apparent from this plea that the defendant was required by process of law to appear before the grand jury, and that he was questioned in detail with reference to the transaction, which occurred at the home of Annie Craft, and as to whether or not Annie Craft sold any intoxicating liquors on that occasion to J. M. Swilley. This requirement was a violation of the constitutional rights of the defendant as it required him to give testimony which would reasonably and probably incriminate, or tend to incriminate him. As a general proposition an indictment or information will be quashed when it is based upon the testimony of the defendant which incriminates him, or tends to do so, or where the defendant is required to appear before a grand jury, or any other inquisitorial body, and to give testimony which would incriminate or tend to incriminate him in the violation of his legal rights. Century Digest, sec. 483; Decennial Digest, sec. 137; and annotations. However, we contend that the defendant is granted absolute immunity under section 1792 of the Code of 1908. This section prescribes that, "No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him, or to subject him to a penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify; produce evidence, documentary or otherwise, before the grand jury or any court: Provided, no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying." The special plea of the defendant shows clearly that the defendant was required to attend and testify before the grand jury prior to the finding of the indictment under which he was convicted, fully and completely about the

details of the sale of the intoxicating liquor alleged in the indictment. The state's demurrer admits all the facts of the plea for the purpose of this argument. The statute permits a grand jury to inquire of any person with reference to any violation of the prohibition law; however, relieved him from prosecution or penalty on account of any "transaction, matter or thing, concerning which he may testify."

We submit that the special plea abundantly alleges that this defendant was compelled to testify with reference to the violation of the law on the part of Annie Craft as alleged in the indictment; that this is a matter about which he was required to testify and that such testimony will reasonably tend to criminate him. We contend that there is absolutely no limitation upon this statute, except its own proviso: "That no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying."

We respectfully call the court's attention to the case of the *State* v. *Bramlett,* 47 So. 433. The motion of the defendant to quash the indictment in that case is very similar to the special plea of the defendant's in this case. This court held that the action of the trial court in quashing the indictment was correct under section 1792 of the Code of 1906.

*Frank Johnston,* assistant attorney-general, for the state.

The question involved in this case and presented by the appeal and upon which the whole case turns is whether or not Mr. Wall is protected by the provisions of section 1792. This section provides that no person shall be excused from testifying before a grand jury in any criminal proceeding in respect to any offense growing out of any violation of the dramshop chapter, or any amendment thereof, on the ground that this evidence may tend to criminate him or subject him to a penalty

or forfeiture. This statute contains the express proviso, however, a proviso which was necessary and essential for its validity and constitutionality, that no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify before the grand jury of any court. The constitutionality of statutes of this character may have been upheld upon the ground that they do not violate the constitutional guaranty which protects a man from criminating himself because of the express proviso that a defendant thus testifying is given absolute immunity from any prosecution on account of any transaction concerning which he may testify before a grand jury.

I submit to the court the question whether the technical statutory offense is not made out against Mr. Wall by the clear and explicit testimony of the state in regard to the fact that Annie Craft had sold the liquor, and secondly, by the evidence in the case in regard to the knowledge on the part of Mr. Wall of this sale and lastly, in view of the proof that he failed to make a report of the case.

On the first and second of these propositions, there can be no doubt whatever on the proof in the case aside from whatever Mr. Wall may have testified before the grand jury. On the last proposition, I submit the point to the court as to whether or not it may not be fairly and correctly inferred from the testimony of the state that Mr. Wall knew that Annie Craft had sold the liquor. The testimony was that Mr. Wall was present when Annie Craft delivered the liquor; he was in the same house and the whole transaction was made under the circumstances in which Mr. Wall had ample opportunity for knowing what was going on and, therefore, I respectfully submit to the court whether it was not a matter exclusively within the province of the jury to consider and decide whether Mr. Wall, in fact, knew, of his own personal knowledge, of

the sale of this liquor by Annie Craft. If this is true, then the whole case was made out without reference to Mr. Wall's testimony before the grand jury.

Upon this statement of the case, I respectfully submit the question to the court as to whether or not this case comes within the operation of section 1792, granting immunity to witnesses in this class of cases.

Smith, C. J., delivered the opinion of the court.

Appellant, a regularly elected and duly qualified constable, was convicted in the court below under section 1301 of the Code, which makes failure on the part of certain officers "to return offenders" a misdemeanor.

The facts are that, some time prior to the finding of the indictment upon which appellant was tried, one Annie Craft unlawfully sold intoxicating liquor in his presence, and he neglected to make an affidavit against her, or to take any steps whatever to bring about her prosecution for the crime. Afterwards, and before the present indictment was found, he was summoned before the grand jury, and then testified relative to Annie's offense. In delivering this testimony, which he was compelled to do under the provisions of section 1792 of the Code, appellant disclosed facts which incriminated him, to-wit, knowledge by him of the commission of an offense and a failure "to return" the offender; and under the provisions of this section he is immune from prosecution therefor.

The demurrer to his special plea setting up this defense should have been overruled.

*Reversed and remanded.*