## TURNAGE v. STATE.

[99 So. 9.  No. 23473.]

(En Banc. Feb. 18, 1924.)

CRIMINAL LAW.  *Defendant testifying for jointly indicted defendant not entitled by reason thereon to immunity.*

Section 1792, Code of 1906 (section 2106, Hemingway's Code), provides that no person shall be excused from attending and testifying before a grand jury nor before any court in any cause or proceeding, criminal or otherwise, "based upon or growing out of any alleged violation of this chapter [prohibition laws] or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture," but that no person shall be prosecuted or subjected to any penalty or forfeiture for and on account of the giving of such testimony.  The defendant was indicted jointly with others for manufacturing intoxicating liquors.  There was a severance, and defendant was placed upon the stand as a witness in behalf of one of the other defendants.  Defendant was then placed on trial and pleaded immunity under said statute.  *Held*, defendant was not entitled to immunity because only those witnesses are entitled to immunity under said statute who have been placed upon the witness stand by the state and not those placed thereon by the defendant.

APPEAL from circuit court of Lauderdale county.
HON. C. C. MILLER, Judge.

Ernest Turnage and another were jointly indicted for the unlawful manufacture of alcoholic liquors, and from an order overruling his special plea for immunity the named defendant appeals.  Affirmed.

*Parker & Snow,* and *Parker & Parker,* for appellant.

The appellant was jointly indicted, together with Jim Maxie, John Kidd and Henry Turnage, for "manufacturing intoxicating liquors."

The revenue officers came upon a still in the woods, and Ernest Turnage and Jim Maxie, and other parties, were present at the still, and Jim Maxie and Ernest Turnage were there arrested. It was the defense of Jim Maxie that he had nothing to do with this still, but had, just prior to the arrival of the officers, walked up to the still, which was being run by others, and that Ernest Turnage, this appellant, knew the above facts to be true. Consequently this appellant was duly subpoenaed as a witness for Jim Maxie, and was called and placed upon the stand to testify concerning the operation of the still about which both this appellant and the then defendant, Jim Maxie, had been indicted.

This appellant when called as a witness was questioned about, and gave evidence concerning the still, and the operation of the still, at the time covered by the indictment against him, and upon which this conviction is based.

When this appellant was called for trial on the same indictment in which Jim Maxie was indicted, and under which Jim Maxie had been tried, and concerning the matters involved in such trial, and the facts touching the guilt or innocence of this appellant had been testified to by this appellant, he filed his plea in court setting up the above facts as a plea in bar to this action, he being immune under the law to make further answer to such charge. The state answered this plea, and the appellant demurred to such answer.

This appellant is well within the terms of the law set out in section 1792 of the Code of 1906. As we construe this statute, no person is excused from testifying before any court in any cause or proceeding, criminal or otherwise, based upon the violation of any of the Prohibition Laws. But no person shall be prosecuted for or on account of any transaction, matter or thing, concerning which he may testify.

It makes no difference what the nature of the trial is, whether it be criminal or otherwise, so long as it relates

to the violation of the Prohibition Laws. There seem to be no exceptions provided for in this statute, and the breadth of this statute seems to necessarily exclude any exceptions.

In fact the supreme court of this state seems to have fully settled this question in the cases of *State* v. *Bramlett,* 47 So. 433; *Wall* v. *State,* 105 Miss. 543; *Lucas* v. *State,* 93 So. 437.

This appellant is entitled to the immunity fixed by law in these cases.

*S. C. Broom,* Assistant Attorney-General for the state.

It is unnecessary to consider any phase of this case except that pertaining to the immunity statute. Section 1792, Code of 1906, section 2106, Hemingway's Code. This statute has been construed in the following cases: *State* v. *Bramlett,* 47 So. 433; *Wall* v. *State,* 105 Miss. 543, 62 So. 417; *Lucas* v. *State,* 93 So. 437, and *Maxie* v. *State.*

In the Bramlett case the indictment was quashed because the appellee was subpoenaed by *subpoena duces tecum* before the grand jury and there compelled to testify regarding his guilt or innocence touching the very matter on which the grand jury found the indictment. From this it will be seen that he was summoned by the state.

In *Wall* v. *State,* 105 Miss. 543, the appellant had been summoned before the grand jury, and in delivering his testimony, which he was compelled to do under section 1792 of the Code of 1906, he disclosed facts which incriminated him, and, therefore, he was immune from prosecution. But again we will observe that he was summoned by the state.

In *Lucas* v. *State,* 93 So. 437, the appellant voluntarily appeared before the grand jury and testified relative to the manufacture of intoxicating liquor, and thereby gained immunity. In the Lucas case the court said that

it was not clear from the evidence whether appellant's appearance before the grand jury was voluntary or under compulsion, but the court further said that the statute contains no limitation of its benefits either to those who have testified under compulsion, or who have testified before the finding of an indictment against him. Immunity was granted, but again it will be seen that he appeared as a witness for the state before the grand jury.

The Maxie case is a companion case of the case at bar. Maxie claimed immunity because he had testified for the state in a murder case, where the officers were being prosecuted for murder for having killed a negro at the time the still was raised, and at the time when this appellant was present and arrested. The court held in the Maxie case that immunity in such cases was limited to an action pertaining to intoxicating liquor.

None of these authorities throw any light, nor are they analogous to the present case, nor could they be considered as authority for granting immunity to appellant in this case, because he appeared as a witness, not for the state, but for the defense for one of his co-defendants, jointly indicted with him, under circumstances strongly indicating collusion on the part of someone interested in the defense, and so regarded by the trial court.

It was never intended that this statute should thus be perverted into an instrument of evil to be used in this way. 8 R. C. L. 125. It was enacted for the purpose of enabling the state to secure testimony in certain cases where otherwise it would be unable to obtain it, and it was not enacted to enable a person to testify as a witness for a co-defendant at the instance of the defendant, and thus secure immunity, as they have attempted to do in the present case. Just imagine the possible consequences of such a construction. If such was the law, it would be convenient and proper always to have some worthless negro around to unload on, and while he was

serving his term in the penitentiary, the others could pursue their nefarious operations without serious in-terruption or inconvenience, and certainly without danger of punishment, if in the meantime they have provided another scapegoat.

ANDERSON, J., delivered the opinion of the court.

The appellant, Ernest Turnage, Jim Maxie, and two others were jointly indicted by the grand jury of Lauderdale county for manufacturing alcoholic liquors. A severance was granted, and Jim Maxie was first tried for this offense. In his trial the appellant, Ernest Turnage, was a witness, placed upon the stand, and testified in behalf of the defendant. After the conviction of Maxie, the appellant, Turnage, was then placed on trial. He filed a special plea, setting up the facts of the joint indictment against himself, Maxie, and others; that he was duly subpoenaed as a witness, called, and testified as a witness for Maxie; that the facts and transactions involved in the trial of Maxie are the identical ones involved in his trial. For these reasons he claims immunity from prosecution and punishment by virtue of section 1792, Code of 1906 (Hemingway's Code, section 2106). This section is found in chapter 38 of Hemingway's Code, which chapter relates to intoxicating liquors. It reads as follows:

"No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or product evi-

dence,. documentary or otherwise, before the grand jury, or any court: .Provided, that no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying. Any person who shall neglect or refuse to so attend or testify, or to answer any lawful inquiry, or to produce books or other documentary evidence, if in his power to do so, shall be guilty of a misdemeanor, and, upon a conviction thereof, shall be punished by a fine of not less than one hundred dollars or more than five hundred dollars, or by imprisonment for not more than ninety days, or by both such fines and imprisonment.''

In considering this question it will be well to have in mind the general purpose and policy upon which immunity statutes of this character are founded. It is stated thus in 8 R. C. L., p. 125, section 101:

''From the earliest times it has been found necessary for the protection and punishment of crime for the state to resort to the criminals themselves for testimony with which to convict their confederates in crime. While such a course offers a premium to treachery and sometimes permits the more guilty to escape, it tends to prevent and break up combinations by making criminals suspicious of each other, and it leads to the punishment of the guilty persons who would otherwise escape. Therefore on the ground of public policy it has been uniformly held that the state may contract with a criminal for his exemption from prosecution, if he shall honestly and fairly make a full disclosure of the crime, whether the party testified against is convicted or not.''

Perhaps the language of the statute involved is broad enough to cover the case of a defendant who has testified at.the instance of a defendant in another case. But the statute must be construed as a whole and with a full view of its intent and. policy. In construing a statute, the real intention of the legislature must be sought, and that interpretation adopted that will give effect to such intention, although such interpretation may be beyond the mere let-

ter of the statute. *Kennington* v. *Hemingway,* 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 392. As we view it this question is settled according to the contention of the state in *Howard* v. *State,* 83 Miss. 378, 35 So. 653. It is true the statute there involved is not the one here in question, but its language giving immunity to witnesses testifying is fully as broad as the language of this statute.

*State* v. *Bramlett* (Miss.), 47 So. 433; *Wall* v. *State,* 105 Miss. 543, 62 So. 417; and *Lucas* v. *State,* 130 Miss. 8, 93 So. 437, are not authorities to the contrary. This question did not arise in either of those cases, and was not decided. In the Bramlett Case, the defendant had given incriminating testimony on behalf of the state before the grand jury, and the same is true of the Wall Case. In the Lucas Case the court said that it was not clear whether defendant's appearance before the grand jury was voluntary or under compulsion, but it was not held that that was material. The defendant in that case did appear before the grand jury and testified on behalf of the state. It is wholly immaterial whether such testimony be voluntary or under compulsion. If it be voluntary and permitted by the state, the witness is as much entitled to the immunity given by the statute as if his testimony had been given under compulsion. It is true the court said in that case that the statute (the same here involved) contained no limitation of its benefits either to persons who have testified under compulsion or who had testified before the finding of an indictment against them. But there was no occasion in that case to determine the question as to whether the immunity of the statute would be extended to a witness testifying at the instance of a defendant. We hold that the purpose of the statute in question was to afford the state additional means of enforcing the prohibition laws. The legislature did not have in mind the furnishing of immunity to witnesses testifying on behalf of defendants charged with violations

of the prohibition laws, but rather the better enforcement of such laws by giving the state the right to pardon witnesses in consideration of their testimony on behalf of the state. If the construction of this statute contended for by appellant were adopted, the evils which would flow therefrom are apparent. To illustrate: Any number of persons conspiring together and violating the prohibition laws could get immunity from prosecution by inducing one of their number on trial to place all the others on the witness stand as witnesses on his behalf. The result would be immunity for all such witnesses. Until the legislature plainly so provides by statute the court should avoid any such results.

*Affirmed.*

SYKES, J. (dissenting).

The material part of section 1792, Code of 1906 (section 2106, Hemingway's Code), is that: "No person shall be excused from attending and testifying . . . before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, . . . on the ground and for the reason that the testimony or evidence, . . . required of him, may tend to criminate him. . . . But no person shall be prosecuted or subject to any penalty . . . on account of any transaction, . . . concerning which he may testify," etc.

In the case of *State* v. *Bramlett* (Miss.), 47 So. 433, the appellant had been subpoenaed, and testified before the grand jury about matters relating to his guilt or innocence. Subsequent thereto he was indicted for the offense about which he had testified before the grand jury. On motion the indictment was quashed in the circuit court. On appeal to this court it was held that this action of the lower court was correct.

In the case of *Wall* v. *State,* 105 Miss. 543, 62 So. 417, Wall, in testifying before a grand jury relative to the offense of another party, disclosed facts which tended to

incriminate him, whereupon he was indicted by the grand jury. In this court ; was held that under the provisions of this section Wall was immune from prosecution.

In the case of *Lucas* v. *State*, 130 Miss. 8, 93 So. 437, Lucas testified before the grand jury, whether voluntarily or under compulsion is not shown. Before he testified the grand jury had already voted to return an indictment against him for the alleged offense about which he testified. In holding that his special plea of immunity should have been sustained in the lower court, this court, through SMITH, C. J., stated that:

"The statute invoked covers all testimony relative to the sale, manufacture, etc., of intoxicating liquor, that has been permitted to be given before a court or grand jury, and contains no limitation of its benefits either to such persons who have testified under compulsion, or who have testified before the finding of an indictment against them."

The cases above cited all relate to testimony before the grand jury. The statute, however, grants this immunity to one who testifies before any court. As stated in the *Lucas Case, supra,* this statute contains no limitation. It is the contention of the state that the intent and purpose of this statute was to grant immunity only to one who testifies as a witness for the state; that it was not meant to give this immunity to one who testifies as a witness for the defendant. The reply to this argument, however, is that this statute is plain and unambiguous, and is not limited to testimony delivered by one as a witness for the state, and by its terms applies equally to one who testifies as a witness either for the state or for the defendant. It is our duty to enforce the statute as written and not to engraft exceptions upon it not therein contained.

In the case of *Howard* v. *State*, 83 Miss. 378, 35 So. 653, construing the immunity for testifying under the gaming statute, the opinion of the court states that this immunity under the statute is granted to one who testifies in favor of the state. In that case the testimony was given

for the state, and it was not necessary for the court to say that the immunity was only granted to a state witness.

I cannot say from a reading of the statute to be construed that the legislature only meant to grant immunity to one testifying for the state. It is not beyond the realm of possibility that the legislature thought it but right to give a defendant the same right to use a witness as the state and to give this immunity to one also used in good faith as a witness by a defendant. To me the statute is absolutely plain and unambiguous, and contains no limitations, either expressly or by implication, that this immunity can cnly be granted to a state's witness. Whether the law be wise or foolish is not a judicial question. It is our duty to enforce the law as written. I think the special plea of the defendant should have been sustained, and that he should have been granted the immunity provided in this statute. For these reasons I am constrained to differ with the majority opinion.

I am authorized to say that Judges Cook and Ethridge agree with me in the views herein expressed.