THORNTON *v.* STATE.*

(Division A.   May 17, 1926.   On Motion for Final Discharge, June 15, 1925.)

[108 So. 709.   No. 25049.]

1. CRIMINAL LAW.  *Defendant, having been questioned relative to liquor conditions by grand jury when testifying voluntarily before it for another purpose, held immune from prosecution for manufacturing liquor (Code 1906, section 1792 [Hemingway's Code, section 2106]).*

   Where defendant voluntarily went before grand jury for purpose of testifying as to a certain matter, and when in act of leaving was called back and questioned relative to whiskey business and rum running, he was entitled, under Code 1906, section 1792 (Hemingway's Code, section 2106), to immunity from prosecution against him for manufacturing liquor.

2. WITNESSES.

   Testimony given by defendant before grand jury, admitting presence at still and stating that on approach of officers he fled and was captured, *held* such as would tend to incriminate him in prosecution for manufacturing liquor and of character that he was privileged to withhold under Constitution 1890, section 26.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 97, n. 52. Witnesses, 40Cyc, p. 2540, n. 40.

APPEAL from circuit court of Scott county.

HON. G. E. WILSON, Judge.

Otis Thornton was convicted of manufacturing liquor, and he appeals. Reversed and remanded.

*Eastland & Mize* and *E. O. Sykes,* for appellant.

The plea of immunity should have been sustained. The uncontradicted testimony taken on the hearing of this plea shows that the appellant under oath testified before the grand jury in response to questions asked him by its members about the violations of the liquor law. He was asked in detail about this very transaction and testified about it. It is true he was not subpoenaed before the grand jury. This, however, under our decisions, makes no difference. One who testifies about a particular liquor transaction as a witness for the state, whether before a grand or petit jury, is entitled to this immunity. Evidently the learned circuit judge thought it was necessary that he be subpoenaed before the grand jury. The contrary, however, has been expressly decided by this court.

Section 2106, Hemingway's Code, states that ''no person shall be prosecuted for any transaction, matter or thing about which he may testify.'' This statute is very broad and contains no limitations to the effect that the witness must have been subpoenaed. It has been construed by this court in the following cases: *Wall* v. *State,* 105 Miss. 543; *Bramlett* v. *State,* 47 So. 433; *Griffin* v. *State,* 127 Miss. 315; *Lucas* v. *State,* 130 Miss. 8.; *Maxie* v. *State,* 133 Miss. 243; *Turnage* v. *State,* 134 Miss. 431; *Hosey* v. *State,* 136 Miss. 5; *Triplett* v. *State,* 136 Miss. 320; *Suddoth* v. *State,* 136 Miss. 742; *Ryan* v. *State,* 136 Miss. 587.

Under these authorities, particularly the Lucas, Turnage and Ryan cases, we submit that the plea of immunity is good and that the appellant should now be discharged.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

Counsel urge that the plea of immunity should have been sustained. The contention is based on section 2106, Hemingway's Code, which provides that no person shall be prosecuted or subject to any penalty for or on account of any transaction concerning which he may testify before the grand jury or any court. A number of cases construing this statute are cited by counsel, the leading case being *Lucas* v. *State,* 130 Miss. 8. In this case it was held that the statute was broad enough to cover the case of parties who had voluntarily testified. In the Lucas case, however, the evidence was not clear as to whether or not the defendant testified voluntarily and so this point was not necessarily involved in the decision of the case.

In the Ryan case cited by counsel the defendant was subpoenaed to appear before the grand jury but his testimony as to the facts which incriminated him was given voluntarily. In both of these cases, however, there was no question but that the facts testified to by the defendant were such facts as tended to incriminate him and in all of these cases there was an admission of guilt made by the defendant in his testimony before the grand jury.

The Suddoth, Triplett, Griffin and Wall cases are all to the same effect, each involving a situation where the defendant testified to facts which were of themselves a confession of guilt by him. None of these cases, therefore, involved facts which were similar to those which we here have before us.

The facts here present a case which is very peculiar in two respects: (1) It is unusual in that the defendant procured himself to be brought before the grand jury; and (2) in that the facts to which he testified there were not such facts as would incriminate him, but on the contrary were such as would prove his innocence. The defendant did not admit his guilt before the grand jury, but his testimony amounted to a plea of not guilty.

We must also remember that this plea presented an affirmative defense, and the law is well settled that the burden of proving such a defense is on the party undertaking to establish it. *Hosey* v. *State,* 136 Miss. 5.

The findings of fact made by the court are just as final and conclusive as the verdict of a jury would have been. By its decision the court determined: (1) That the defendant procured himself to be brought before the grand jury for the purpose of obtaining immunity from prosecution; (2) That the facts testified to by him before the grand jury did not tend to criminate him of the crime for which he was being tried. This determination of the facts by the court must prevail since there was plenty of evidence supporting its findings.

The case of *Turnage* v. *State,* 134 Miss. 431, *held* that this immunity statute did not apply to the case of a person testifying on behalf of a defendant even though he were legally subpoenaed, and that this was true even though the terms of the statute itself were broad enough to cover such a case. The reasoning in that case is particularly applicable to the facts in this case.

If the statute is not to be applied in such a case as the Turnage case, how much stronger is the reason that it should not be applied in the case of a person seeking by his own fraudulent acts to obtain the immunity granted?

We have been unable to find any Mississippi cases which involve this exact point. We present, however, for your Honors' consideration the Alabama case of *Burt* v. *State,* 101 So. 768. See, also, *State* v. *Carchidi* (Wis.), 204 N. W. 473; *Davis* v. *State* (Texas), 246 S. W. 395.

We respectfully submit that no error was committed by the court in overruling the plea of immunity filed by the defendant.

*Eastland & Mize* and *E. O. Sykes,* in reply, for appellant.

In reply to the able brief of the state, it is our contention that the uncontradicted testimony shows that the appellant is entitled to immunity because he testified before the grand jury about the transaction, matter, and thing; namely, the operation of this still. The statute uses the words above used by us. It grants immunity to anyone who testifies in any way about the violation of·the particular liquor law. He cannot be tried for this particular violation.

The statute does not say that this testimony must tend to incriminate him. The reasoning of the court in the Turnage case is to the effect that the state may, if it sees fit, make this trade with the defendant. If it does, the defendant is entitled to this immunity regardless of the nature of his testimony. The case of *State* v. *Carchidi,* 204 N. W. 473, cited by counsel for appellee, decides that, "The evidence given by him must have been of a character which he was privileged to withhold under the constitution,"—in other words, evidence that would tend to incriminate him.

This opinion limits the language of the statute very much. It is directly contrary to the enunciation of the Federal court in the case of *U. S.* v. *Armour & Co.,* 142 Fed. 808. The case of *Davis* v. *State,* 246 S. W. 395, also relied upon by the appellee merely decides that the testimony of the woman in that case was not testimony against her or against anybody else.

However, if this court should adopt the stringent rule laid down by the Wisconsin court, namely, that the testimony must tend to incriminate him, then Thornton is still entitled to immunity because his testimony tends to incriminate him. He told the grand jury of the still, who was there, and that he thought he got shot, etc. Again, he told the grand jury that he saw the liquor running and that he was making it.

Counsel also contends that the testimony shows that appellant procured himself to be called before the grand jury in order that he might obtain immunity from prosecution. We take issue with counsel that any such finding of fact can be made in this case under the testimony.

In the Alabama case, *Burt* v. *State,* 101 So. 768, the man deliberately told the prosecuting attorney a story by virtue of which he was permitted to appear before the grand jury. In this case the appellant told the member of the grand jury the truth. Appellant was under oath. Section 2106 required him to answer all questions propounded to him. The grand jury controlled the situation. They had the right in the first instance to admit him or refuse him admission. They had the right in the second instance to ask him or not any questions they desired. They exercised this right. They asked him questions about this identical still. He gave them material testimony about it.

We, therefore, submit that as a matter of law he is entitled to immunity and ask that he be discharged in this court.

Argued orally by *E. O. Sykes,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for appellee.

Cook, J., delivered the opinion of the court.

The appellant and others were jointly indicted for manufacturing liquor. Upon the separate trial of this appellant, he was convicted and sentenced to the penitentiary for one year, and from this conviction and sentence this appeal was prosecuted.

Before his trial, the appellant filed a special plea claiming immunity from prosecution and punishment by virtue of section 1792, Code of 1906 (section 2106, Hemingway's Code); the plea averring that he had been regularly subpoenaed to appear before the grand jury then in session, and that he had been regularly and legally sworn

by the foreman of the said grand jury and compelled
there to testify to the facts and circumstances relative
to the manufacture of the intoxicating liquor for which
he was then indicted, and that such testimony tended to
incriminate him in connection with said offense. To this
plea the district attorney filed a replication denying the
averments of the plea, and alleging that the appellant
procured his admission to the grand jury room, and that
he presented himself to the grand jury as a voluntary
witness and was not required to be present or to testify
before said grand jury. At the request of the appellant,
this plea was heard by the circuit judge, without the in-
tervention of a jury, and no point is made upon this pro-
cedure. At the conclusion of the testimony offered on
this plea, it was overruled, and the trial proceeded re-
sulting in the conviction of the appellant.

From the testimony offered on this plea, it appears
that the appellant approached the foreman of the grand
jury and stated that he desired to go before the grand
jury for the purpose of reporting certain alleged illicit
relations between his brother and a negro woman; that
he was later admitted to the grand jury room and regu-
larly sworn to testify; that he thereupon reported the
alleged misconduct, but disclaimed personal knowledge
of the facts; that he then furnished the grand jury the
names of several witnesses, who he claimed would tes-
tify to the facts which he had reported; that after the
clerk of the grand jury had taken down the names of
these witnesses, the appellant either left the room or
was in the act of leaving, when a member of the grand
jury called him back and asked him if he knew anything
about the whiskey business or rum running; that he re-
plied that he did, and thereupon related the circum-
stances of the raiding of the still upon which the indict-
ment then pending against him was based; that he ad-
mitted that he was present at the still while it was being
operated, although he did not admit that he participated
in the operation thereof; that he furnished the names

of the parties who were operating the still, and stated that upon the approach of the officers, he fled and was captured, after having fallen over a log and hurt his leg.

Upon this testimony the claim of immunity should have been allowed. In the case of *Lucas* v. *State*, 130 Miss. 8, 93 So. 437, it was held that: "A person who voluntarily appeared before a grand jury and testified before it relative to the manufacture of intoxicating liquor, in which he participated, cannot be punished for manufacturing the liquor, although he had been indicted therefor prior to his appearance before the grand jury."

Again, in the case of *Turnage* v. *State*, 134 Miss. 431, 99 So. 9, the court said that: "It is wholly immaterial whether such testimony be voluntary or under compulsion. If it be voluntary and permitted by the state, the witness is as much entitled to the immunity given by the statute as if his testimony had been given under compulsion."

Conceding that one, who by fraud or subterfuge procures himself to be examined by a grand jury or court about a transaction, cannot claim immunity as a result of such testimony, this doctrine would have no application to the facts here presented. This appellant secured admission to the grand jury room for a stated purpose, and when he had concluded this particular business he either left the jury room and was called back, or he was in the act of leaving, when one of the members of the jury asked him about violations of the liquor law. It may be that he entered the jury room with the hope in his breast that he would be examined about the transaction, but the fact remains that he volunteered no statement in regard thereto, and did nothing whatever to induce a member of the grand jury to interrogate him in regard to the whiskey business. When he was asked in regard to his knowledge of violations of the liquor laws, he was required by his oath to answer, and he is not deprived of his right to immunity by reason of the fact that he voluntarily went before the grand jury.

The state, however, invokes the further contention that the facts testified to by the appellant do not tend to incriminate him, and that, in order for one to be entitled to this immunity the evidence given by him must have been of a character which he was privileged to withhold under section 26 of the Constitution, or, in other words, evidence that would tend to incriminate him. Under our view of the testimony of the appellant before the grand jury, it will be unnecessary to pass now upon the merits of this contention. The admissions of the appellant of his presence at and around the still while whiskey was being made, and of his flight upon the approach of the officers, were circumstances which were admissible against him, and which tended to incriminate him.

The judgment of the court below therefore will be reversed, and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR FINAL DISCHARGE.

PER CURIAM. The motion of the appellant for a judgment finally discharging him from further prosecution in this case is sustained, and it is ordered that the former judgment herein, directing the remand of the cause, be set aside, and judgment entered finally discharging the appellant.

*Motion sustained.*