### Ivey *v.* State.*

(Division A.    Feb. 11, 1929.)

[120 So. 449.    No. 27661.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 65, p. 95, n. 13.

*A. R. Shoemaker* and *A. T. L. Watkins,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Argued orally by *A. T. L. Watkins,* for appellant, and *Jas. W. Cassedy, Jr.,* for the state.

SMITH, C. J. This is an appeal from a conviction for having intoxicating liquor in possession. Two of the assignments of error are based on the appellant's claim (1) that he was entitled to immunity from prosecution under section 1792, Code of 1906 (section 2260, Hemingway's 1927 Code); and (2) that the venue was not proven.

The evidence on which the appellant was convicted was that, on the trial of one Bolton in a justice of the peace court for having intoxicating liquor in his possession, the appellant was sworn as a witness in behalf of Bolton, and testified that the liquor there in question was his (the appellant's). This state of facts does not bring the appellant's testimony on the trial of Bolton within the provisions of the statute for the reason that the immunity there granted is to a witness introduced by, and compelled to testify at the instance of, the state, and *not* of a defendant. *Turnage* v. *State,* 134 Miss. 431, 99 So. 9.

It is true that the admission of the appellant in the Bolton case was not that he had liquor in possession within the jurisdiction of the justice of the peace before whom the case now under consideration originated, but that fact was proven by other witnesses.

*Affirmed.*