BOYD *et al. v.* STATE.

(Division B.   Nov. 16, 1936.)

[170 So. 671.   No. 32159.]

F. D. Hewitt, Justin J. Cassidy, Junior O'Mara and Williams & Hunt, all of McComb, for appellants.

**Webb M. Mize,** Assistant Attorney-General, for the state.

Argued orally by **Junior O'Mara** and **F. D. Hewitt,** for appellant.

**Smith, C. J.,** delivered the opinion of the court.

The appellants were convicted of violating section 962, Code 1930. The indictment charges that the appellants, seven in number, "on or about the seventh day of October, A. D. 1935, did then and there wilfully and un-

lawfully become and was interested in a gambling table, to-wit; a table on which games of chance were then and there played and carried on with dice for money by then and there wilfully and unlawfully furnishing money and articles for the purpose of carrying on the same, being then and there interested in the loss or gain of said table.''

A demurrer to this indictment, on the ground that it charges the commission of more than one offense in one count, was overruled. As we understand the appellants' contention, it is based upon the words, ''games of chance,'' by which they say the indictment charges ''seven different persons, in one count, with playing more than one game.'' The indictment is not for playing at a gambling game, but for being interested in the loss or gain of a gambling table, which interest is not ended by the playing of one game, but is continuous. The indictment charges only one offense.

A motion by the defendants for a severance was overruled, and the discretion of the court below in so doing will not be here interfered with under section 1272, Code 1930.

In order to prove the allegations of the indictment, the state introduced evidence disclosing that a game of chance was being played in a room on a table. The game was played with dice, the players purchasing chips from a person acting as banker, and the player would either win or lose on a throw of the dice. If he lost, the banker took the chips the player had purchased and retained the money paid therefor.

A witness testified that he was in the room on one occasion, and participated in the game then going on; all of the appellants were present, and, except John Battaglio, participated in some way in the furtherance of the game, that is, were doing various things necessary to enable the participants therein to play the game, one of them acting as doorkeeper. John Battaglio was playing, but was not seen to do anything indicating that he

was interested in the operation of the table. Over the objection of the appellants, this witness and others testified to being present on other occasions when games of chance were being played, but each time some of the appellants were not present, and some of them who were present were not shown to be doing anything in furtherance of the game. John Battaglio was, at no time, shown to have been so doing.

The only argument advanced by the appellee in support of the admission of this evidence is that it was admissible under section 1285, Code 1930, which provides that, "On the trial of all indictments for gambling or gaming or operating a bucket-shop or dealing in contracts commonly called 'futures,' the state shall not be confined in the proof to a single violation, but under the indictment charging a single offense may give in evidence any one or more offenses of the same character committed anterior to the day laid in the indictment and not barred by the statute of limitations; but in such case, after conviction or acquittal on the merits, the accused shall not be again liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment."

We will assume, for the purpose of the argument, that this statute applies in cases where several are jointly indicted for gaming, provided all of them are shown to have participated in each game of which evidence is offered. But such is not the case here.

The only evidence as to the appellants' interest in the loss or gain on the table was what they did on each occasion, and, so far as the evidence discloses, they were not interested therein except when actively participating in the furtherance of the game then being played thereon. The evidence as to gaming, on occasions subsequent to the first here admitted in evidence, seems to disclose separate and distinct offenses in the commission of which some of the appellants did not participate, consequently

it was not admissible under section 1285, Code 1930; Howard v. State, 83 Miss. 378, 35 So. 653.

As to Battaglio, the evidence contains nothing to indicate that he was, at any time, interested in the loss or gain of the table, and consequently his request for a directed verdict of not guilty should have been granted.

The judgment will be reversed as to all the appellants and the cause remanded as to all except Battaglio, who will be here discharged.

So ordered.