ODOM *v.* STATE.

Feb. 18, 1952.

No. 38363 (56 So. (2d) 887)

**Homer W. Pittman** and **Earle L. Wingo,** for appellant.

**J. T. Patterson,** Assistant Attorney General, for appellee.

**Arrington, J.**

The appellant, Willie E. Odom, was indicted in the Circuit Court of Forrest County, Mississippi, for the crime of unlawfully selling intoxicating liquor, to wit: whiskey. The case was transferred to the county court for

trial. Upon the trial thereof, appellant was convicted and sentenced to pay a fine of $500 and serve a period of 90 days on the county road. From this judgment appellant appealed to the Circuit Court where the judgment was affirmed, and from this affirmance, he appeals to this Court.

The appellant's main assignment of error argued is that he was immune from prosecution for the reason that he appeared and testified before the grand jury which returned the indictment. While the defendant was testifying in his own behalf, his attorney brought out the fact that he went before the grand jury which returned the indictment and offered to prove his testimony before the grand jury, which was objected to by the State. The jury was retired and the court asked appellant's counsel to state in the record what he proposed to prove. Counsel stated in part as follows: " * * * that he was summoned before the Grand Jury at the July, 1950 term, and that while in the Grand Jury room, Curtis Thaxton, one of the Grand Jurors asked this man if he didn't know about paying off some officers or something to that effect, and that the defendant, Mr. Odom, turned to Thaxton in the presence of the County Attorney and all the other eighteen Grand Jurors and said: 'Gentlemen, this man Curtis Thaxton, has been put out of my place of business at least three times for being drunk' and then Curtis Thaxton said: 'You are a damn liar and I will get even with you.' And I intend to show here that he is trying to get even with him.

"Q. Was that going to be your testimony? A. That's right."

The appellant argues that by reason of appellant's testimony before the grand jury that he is immune from prosecution. Sec. 2360, Mississippi Code of 1942, provides in part: "No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged

violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court; * * * ."

An examination of counsel's statement above set out shows that appellant did not testify to anything pertaining to the sale of intoxicating liquor, and that he gave no testimony that would tend to incriminate him. The mere fact that the appellant appeared before the grand jury and testified is not sufficient to entitle him to claim immunity. Thornton v. State, 143 Miss. 262, 108 So. 709; Hosey v. State, 136 Miss. 5, 100 So. 577; Lucas v. State, 130 Miss. 8, 93 So. 437; Triplett v. State, 136 Miss. 320, 101 So. 501; Ryan v. State, 136 Miss. 587, 101 So. 381. The evidence in this case was ample to support the conviction and the judgment is affirmed.

Affirmed.

McGehee, C. J., and Lee, Kyle and Ethridge, JJ., concur.