## GUS HUSBANDS *v.* STATE.

### [62 South. 418.]

1. CRIMINAL LAW. *Preliminary affidavit. Signature of affiant. Indictment and information. Motion to quash. Evidence. Trial.*

    The signature of the affiant is unnecessary to the validity of an affidavit, it being only necessary that he should swear to its contents.

2. INDICTMENT AND INFORMATION. *Motion to quash. Evidence. Trial.*

    Evidence given during the progress of a criminal trial that the party making the affidavit upon which defendant is being tried did not swear to the same, cannot be considered by the court in support of defendant's motion to quash, as such evidence could only be considered when the motion to quash was being passed upon.

APPEAL from the circuit court of Jasper county.

HON. D. C. ENOCHS, Special Judge.

Gus Husbands was convicted of petty larceny and appeals.

The facts are fully stated in the opinion of the court.

*A. A. Hammond,* for appellant.

I do not care to burden the court with a lengthy argument in this cause, because I believe that the entire proceedings before the circuit court were void, and I have no fear that this court will disagree with me.

First. I will treat the affidavit, or the instrument called an affidavit in the court below. By reading appellant's motion to quash the court will readily see that appellant, defendant below, had received information that the instrument had not been subscribed to before the justice of the peace; this alone will not invalidate the instrument, but from the motion it will be seen that we set up that it had not been sworn too; from the testimony of

L. T. Campbell, who was the prosecuting witness in the justice court and the circuit court, the affidavit, so-called, was not sworn to; no oath was administered nor taken; Campbell tells the court this is true on his cross-examination, and by the redirect examination by the state, it is conceded that no oath was administered, and the instrument was not affirmed too by the witness Campbell.

The court will find that the state rested its case upon the intention of Campbell and the justice of the peace, and upon the willingness of Campbell to make oath to the allegations in the circuit court. I cite with confidence the case of *Carlile* v. *Gunn*, 68 Miss. 243, also Brame & Alexander's Mississippi Digest, page 11 under heading Affidavits; in this case an attachment suit was attempted to be begun in a justice court, and upon hearing in the circuit court it developed that the oath was not administered by the justice; it was shown that the parties intended to make oath to the facts set up in the affidavit but the oath was in fact not administered. In the opinion in that case the learned justice said that the affidavit was in fact not an affidavit at all, that the state could not maintain a prosecution for perjury upon it; that the oath not having been administered, it was nothing more than a statement of facts, reduced to writing and subscribed too by the maker thereof. Now, I submit that there are a number of definitions of the word affidavit as given by our different text-writers, but in all of them the oath must be administered; none of the writers has yet said that the instrument is sufficient, if not sworn too, and while I submit that there may be other cases coming from our own court deciding the same point, my limited library will not permit me to search for them; too, the *Carlile case* being so near a blanket case, I submit that the court will be governed by the opinion in that case.

The *Carlile case* was a civil action, and if the court held that by permitting the judgment of the jury to

stand the appellant would be deprived of his property without due process of law. How much greater protection will the court give to an appellant in a criminal case, where his life or his liberty is involved?

After the evidence of L. T. Campbell to the effect that he did not sign the affidavit; that he did not swear to the affidavit, the trial court should have given the defendant a peremptory instruction, and it was reversible error to refuse the instruction asked by the appellant.

I take it that it will be undisputed by the attorney-general that if the justice of the peace had no jurisdiction, the circuit court on appeal, cannot have. Under Code 1906 the justice of the peace cannot have jurisdiction of a criminal case except upon the making of an affidavit; hence if no affidavit was made in the justice court, then the circuit court cannot have jurisdiction (Code 1906, section 2750). I also cite the case of *Bingham* v. *State*, 59 Miss. 529, which holds that "an affidavit is essential to confer jurisdiction to try and punish an offender." There being no affidavit in this case, the justice court had absolutely no jurisdiction, and therefore the circuit court had none. Further, even if the state had desired to amend this affidavit by having the prosecuting witness subscribe and swear to it in the circuit court, still the circuit court could not have tried the cause, because the justice of the peace was without jurisdiction.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted in a court of a justice of the peace of the crime of petit larceny, and was again convicted on an appeal to the circuit court. When the case reached the circuit court, a motion was made by appellant to quash the affidavit on which he was being tried, for the reason that it was not subscribed and sworn to. The affidavit was regular on its face, with the exception that it was not signed by the affiant. When this motion was submitted to the court, no evidence was introduced

relative thereto, and the motion was overruled; the attention of the court seeming to have been simply called to the fact that the affidavit was not signed.

The signature of the affiant was unnecessary to the validity of the affidavit, it being only necessary that he should swear to the contents thereof; and this, from the justice's jurat, he seems to have done. The motion, therefore, was properly overruled.

It is true that afterwards, when the case was on trial on the merits, the affiant was introduced as a witness on behalf of the state, and on cross-examination delivered testimony tending to show that he did not swear to the contents of the affidavit, the necessity of his so doing seeming to have been overlooked by the justice; but this evidence cannot be considered by us in support of appellant's motion to quash. It should have been introduced when that issue was tried, and had no place in the trial on the merits.

There is no merit in any of appellant's contentions.

*Affirmed.*