LUCAS *v.* STATE.

[93 South. 437, No. 22724.]

CRIMINAL LAW. *One voluntarily testifying before grand jury, subsequent to indictment, relative to participation in manufacturing liquor, immune from prosecution.*

A person who voluntarily appeared before a grand jury and testified before it relative to the manufacture of intoxicating liquor, in which

he participated, cannot be punished for manufacturing the liquor, al-
though he had been indicted therefor prior to his appearance before
the grand jury.

APPEAL from circuit court of Jefferson Davis county.

HON. G. WOOD MAGEE, Special Judge.

Tom Lucas was convicted of distilling intoxicating liquors, and he appeals. Reversed and remanded.

*Livingston & Milloy,* for appellant.

Appellant's defense was principally made upon the proposition that he was immune from prosecution because of the fact that he had testified about the manufacture of this identical whisky before the grand jury, and invoked his rights under section 1792, Code of 1906 (section 2106, Hemingway's Code).

The court erred in refusing the defendant the following instructions: "The court instructs the jury for the defendant in this case that no person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of the law with reference to the laws bearing upon intoxicating liquors or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or be subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise before the grand jury, or any court, so that if you believe that the defendant testified before the grand jury in this case and gave evidence with reference to the matters alleged in the indictment, then under the law, he is entitled to an acquittal."

Now, we submit, that this instruction was almost in the identical language of section 1792 of Code of 1906, section 2106, Hemingway's Code, and should have been given under

the facts and circumstances of this case.   We earnestly
insist that its refusal was reversible error.

This court held in the very recent case, *Griffin* v. *State,*
90 So. 81, that this section of the Code of 1906, section
2106, Hemingway's Code, had not been repealed by the
enactment of section 9, chapter 189, Laws of 1918.

Hence it follows that the instruction given the state was
erroneous, in that, it told the jury they must convict un-
less they had a reasonable doubt as to whether the defend-
ant, Tom Lucas, was compelled to give evidence before
the grand jury in reference to said alleged crime.

We think this court will have no trouble in finding from
this record that appellant was compelled to testify with
reference to this whole matter and that thereby he was
immune from prosecution and conviction under the laws
of this state.   However, the law says nothing about being
compelled to testify, but says simply: "No person shall be
excused from attending and testifying before the grand
jury or before any court, or in any cause or proceeding,
criminal or otherwise, etc."

Hence we submit that under the *Griffin case, supra,* that
appellant must be discharged.

*H. T. Odom,* assistant attorney-general, for the state.

The next point to be decided in this case is whether or
not the appellant was immune from prosecution by reason
of the fact that he appeared before the grand jury and gave
testimony with reference to the offense with which he was
charged, and for which he was being tried.   This question
is presented by the record in two different ways: First,
the defendant filed a plea in bar setting up these facts.
This plea being denied by replication of the district at-
torney that it was not true that the defendant, Tom Lucas,
was compelled to disclose evidence in the case before the
grand jury.

This point is raised again by the defendant because of
the refusal of the trial court to grant the following instruc-

tion: "The court instructs the jury for the defendant in this case that no person shall be excused from attending and testifying before a grand jury or before any court, or in any cause or proceeding, criminal or otherwise, based upon, or growing out of, any alleged violation of the law with reference to the laws bearing upon intoxicating liquors or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or be subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court, so that if you believe that the defendant testified before the grand jury in this case and gave evidence with reference to the matters alleged in the indictment, then under the law, he is entitled to an acquittal."

In order to simplify this brief, my discussion will be directed to the action of the trial court in refusing the foregoing instruction. The appellant relies with great confidence on the case of *Griffin* v. *State,* reported in 90 So. 81. I think that the *Griffin case, supra,* is easily differentiated from the case at bar. Griffin had been arrested and intoxicating liquor was found in his possession. Following Griffin's arrest two other parties were also arrested on a charge of distilling. On the trial of these parties the appellant, while under arrest, was sworn and introduced by the prosecution as a witness against the other parties. In giving his testimony, the appellant disclosed facts which incriminated him and upon which he was likewise bound over to await the action of the grand jury upon the charge of distilling liquor. Appellant was afterwards indicted on the information disclosed by him while testifying against the other parties. This court held under this statement of facts, that the defendant Griffin was immune from prosecution under section 2106 of Hemingway's Code. In this I think that the court was clear-

ly correct. Griffin was under arrest and in the custody of officers, and while in the custody of officers was compelled to be sworn and give evidence as to facts which incriminated him. And it will be borne in mind, that it was upon the evidence disclosed by the defendant that he was indicted, and very probably the defendant would not have been indicted had it not been for the testimony that he gave before the mayor with reference to the distilling of liquors. In the case at bar we have an entirely different statement of facts.

The decisions in the *Griffin case, supra,* and in other cases construing section 2106 of Hemingway's Code, are based on facts where the defendant was compelled to disclose facts relative to the charge against him under some process of court, and where the testimony disclosed by the defendant was later used against him either for the purpose of securing an indictment or to convict the defendant. In such cases the immunity granted by the statute to the defendant is to protect him from prosecution where he furnishes the information upon which he is either indicted or convicted. In the case at bar the evidence given by the appellant before the grand jury was neither used for the purpose of finding indictment or securing a conviction. This being true the defendant's rights guaranteed by section 2106 of Hemingway's Code, have not been prejudiced by his voluntary utterances and confession before the grand jury. If the appellant in this case were allowed to go free because of his voluntary utterances and confession before the grand jury, then all that a criminal would have to do in any case wherein he has information that he has been indicted for violating the prohibition law or was about to be indicted, would be to appear before the grand jury and voluntarily tell them the facts with reference to the charge against him. This is certainly not the intention or purpose of section 2106 of Hemingway's Code.

The instruction set out above and refused the defendant by the trial court amounted to a peremptory instruction,

the latter part of same being in the following words: "so that if you believe that the defendant testified before the grand jury in this case and gave evidence with reference to the matters alleged in the indictment, then under the law he is entitled to an acquittal."

I think that the instruction was properly refused and respectfully submit that this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted of distilling intoxicating liquor, and the evidence is that the still was being operated by the appellant and several others. By a special plea he claimed immunity under section 1792, Code of 1906 (Hemingway's Code, section 2106), for the reason that he had appeared before the grand jury and testified as to the operation of the still. This plea is supported by the evidence, but the appellant was not allowed the immunity claimed.

It is not clear from the evidence whether the appellant's appearance before the grand jury was voluntary or under compulsion, and when he appeared before it the grand jury had already voted to return an indictment against him for distilling the liquor. The statute invoked covers all testimony relative to the sale, manufacture, etc., of intoxicating liquor, that has been permitted to be given before a court or grand jury, and contains no limitation of its benefits either to such persons who have testified under compulsion, or who have testified before the finding of an indictment against them.

*Reversed and remanded.*