RYAN v. STATE.*

(Division A.  Oct. 6, 1924.)

[101 So. 381.  No. 24215.]

CRIMINAL LAW. *Defendant, who testified before grand jury as to sale of liquor, could not thereafter be convicted of sale.*

Defendant, who was subpoenaed before the grand jury and voluntarily testified concerning sale of liquor, could not thereafter be convicted for sale thereof.

*Headnote 1.  Criminal Law, 16 C. J., section 65.

APPEAL from circuit court of Jasper county.

HON. W. L. CRANFORD, Judge.

J. Moody Ryan was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded.

*Davis & Conner,* for appellant.

In the trial of the case in court below, the defendant filed a special plea in bar and claimed immunity from prosecution in this case on the ground that he was subpœnaed before the grand jury at the instance of the state at the February A. D., 1924, term of the said circuit court, and was by the grand jury required to give testimony under oath of and concerning the identical sale and purchase of the liquor with which he was charged with having sold in this case.

The state admits the defendant was subpœnaed as a witness before the grand jury, and was asked about other violations of the law, and admits that the defendant did testify before the grand jury and did tell the grand jury under oath about the identical sale of liquor for which he was afterward tried and convicted, but the state alleges that the said testimony was given to the grand jury voluntarily by the appellant and that he was not entitled to immunity from prosecution because the defendant gave this testimony voluntarily, after he had been compelled, by the process of the court as a witness on behalf of the state, to appear before the grand jury. The case was tried in the court below on the state's theory from beginning to end, that the defendant was not entitled to immunity because he voluntarily told the grand jury about the alleged sale of liquor for which he was tried and convicted, and this too, in the face of the fact that the state's replication admits that the defendant was subpœnaed before the grand jury at the instance of the state, "and was duly sworn to testify the truth, the whole truth and nothing but the truth, etc."

The pleadings in this case show on their face that the defendant was entitled to immunity. The testimony in the record shows affirmatively and without dispute that appellant was entitled to immunity. There was therefore no issue of fact to submit to a jury, and the giving of each and all of the instructions for the state was error. *Lucas* v. *State,* 93 So. 437; *Turnage* v. *State,* 99 So. 9.

*F. S. Harmon,* Special Assistant Attorney-General, for the state.

The appellant herein was summoned to appear before the grand jury of Jasper County, Mississippi, after he was indicted for violation of the liquor laws. He appeared before the grand jury and claims to have entered into a full and detailed discussion of the incidents bearing on the charge for which he was indicted and for which he had not yet been tried. Mr. T. A. Massey, a member of the grand jury, testified under cross-examination, that the defendant made a voluntary statement about this case before the grand jury; that one member asked him a question; that he told about this and other offenses.

In the light of the record and the decision of this court in *Lucas* v. *State,* 130 Miss. 8, this cause is submitted without further comment.

HOLDEN, J., delivered the opinion of the court.

The appellant, J. Moody Ryan, appeals from a conviction on a charge of selling intoxicating liquor, and urges reversal on the ground that he was immune from prosecution in the case because he was subpœnaed before the grand jury at the instance of the state, and gave testimony before that body under oath concerning the sale and purchase of the liquor which he was afterwards convicted of selling in this case.

It is shown conclusively that the appellant did testify before the grand jury about the identical sale of liquor for which he is now convicted, but the lower court refused

to grant immunity to the appellant, because he voluntarily told the grand jury about the alleged sale of liquor. We think the point urged by appellant for reversal is well taken, and is supported by the case of *Lucas* v. *State*, 130 Miss. 8, 93 So. 437; the syllabus in that case reading as follows:

"A person who voluntarily appeared before a grand jury and testified before it relative to the manufacture of intoxicating liquor, in which he participated, cannot be punished for manufacturing the liquor, although he had been indicted therefor prior to his appearance before the grand jury."

Therefore the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*