## TRIPLETT *v.* STATE.*

(Division B. Oct. 13, 1924.)

[101 So. 501. No. 24327.]

1. STATUTORY PROVISIONS.

Section 2106, Hemingway's Code (section 1792, Code of 1906), among other things provides that no person shall be prosecuted on account of any transaction concerning which he may testify before the grand jury or any court.

2. CRIMINAL LAW. *Although prosecution begun by affidavit, defendant, testifying before grand jury concerning subject of accusation, entitled to immunity.*

Under this section it makes no difference whether the prosecution be begun by indictment or by affidavit. If one has testified before the grand jury about the particular matter for which he is being tried, he is entitled to immunity.

---

*Headnotes 1. Criminal Law, 16 C. J., section 67; 2. Criminal Law, 16 C. J., section 67.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Jack Triplett was prosecuted for unlawful transportation of intoxicating liquors. On appeal to circuit court from conviction in justice court, he filed plea of immunity. From an order sustaining a demurrer to such plea, he appeals. Reversed, and cause remanded.

*F. E. Leach,* for appellant.

Affidavits were made against appellant and other occupants of an automobile charging them with having in their possession intoxicating liquor, and like affidavits also made charging them with transporting liquor.

At the November term of circuit court appellant was summoned before the grand jury and there testified as a witness under oath to the entire transaction, and again at the April, 1924, term of the circuit court, and before

either of the charges against him were tried, he was again taken before the grand jury by process of the court and was again interrogated under oath as to the facts in the two cases then pending against him and for which he was subsequently tried at the April, 1924, term of the circuit court.

In each of said charges and before being put to trial, appellant filed a plea of immunity alleging that he was immune to prosecution for the reason that he had been forced to testify before the grand jury concerning the alleged crime for which he was indicted and claiming said immunity, and in each of said cases a demurrer was filed by the district attorney and sustained by the court.

In *Smith* v. *State*, 58 So. 539, the court held that a demurrer "confessed the truthfulness of the averments of the plea" and under this plea appellant was entitled to immunity if the averments of his plea were true as the demurrer confessed.   See section 2106, Hemingway's Code; *Hosey* v. *State*, 100 So. 577; *Lucas* v. *State*, 93 So. 437.

*E. C. Sharp*, for the state.

There is no question as to the guilt of appellant, and if the court erred in sustaining the demurrer to the plea, the defendant should not be discharged but the cause remanded for another trial in the circuit court. *Hosey* v. *State*, 100 So. 577.

SYKES, P. J., delivered the opinion of the court.

An affidavit was made against the appellant in a justice of the peace court for transporting intoxicating liquors. He was tried and convicted upon this charge, and appealed to the circuit court. In the circuit court he filed a plea of immunity, alleging in effect that after he had appealed his case to the circuit court, and while it was pending in that court, he was subpoenaed and testified be-

fore two grand juries of the circuit court about all of the facts and circumstances relating to the charge against him then pending on appeal, and for that reason he claimed immunity from prosecution under section 2106, Hemingway's Code (section 1792, Code of 1906). The state demurred to this plea on the ground that the prosecution against appellant was not begun by an indictment, but by an affidavit before he testified.

The court erroneously sustained the demurrer to this indictment. Section 2106, Hemingway's Code, provides that:

"No person shall be prosecuted . . . on account of any transaction . . . concerning which he may testify . . . before the grand jury, or any court."

It makes no difference whether the prosecution against him is begun by indictment or by affidavit; if he testify before the grand jury about this particular matter, he is to be granted immunity by virtue of this statute. *Lucas v. State,* 130 Miss. 8, 93 So. 437; *Hosey* v. *State* (Miss.), 100 So. 577; *Ryan* v. *State,* 101 So. 381, decided by this court October 6, 1924.

The demurrer should have been overruled. It is unnecessary to consider any other alleged error. For the error in sustaining the demurrer, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*