SUDDUTH v. STATE.*

(Division B. Nov. 10, 1924.)

[101 So. 711. No. 24324.]

CRIMINAL LAW. *Motion on admitted facts entitling defendant to discharge for testifying before grand jury should be sustained.*

Under section 1792, Code 1906 (section 2106, Hemingway's Code), one who was required to appear before a grand jury and testify before it relative to the possession of intoxicating liquors is entitled to immunity from prosecution for such offense, and after conviction a motion in arrest of judgment setting forth facts, admitted by the state to be true, which entitle the defendant to such immunity, should be sustained and the defendant discharged.

*Headnote 1. Criminal Law, 16 C. J., section 65.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Tom Sudduth was convicted of the unlawful possession of more than one quart of intoxicating liquor, and he appeals. Reversed, and appellant discharged.

*Jas. T. Crawley,* for appellant.

I. The court below erred in sustaining the demurrer of the state to the plea of immunity filed by the defendant.

The defendant filed a plea of immunity, setting forth the fact that he was brought before the grand jury, and there testified about the very offense for which he was being prosecuted in circuit court, and that by virtue of section 1792, Code of 1906, he was immune from prosecution, and claimed said immunity.

Section 1792, Code of 1906, reads as follows, to-wit: "*Witness to testify though it may incriminate him.* No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him, or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court; provided that no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying. Any person who shall neglect or refuse to so attend or testify, or to answer any lawful inquiry, or to produce books or other documentary evidence, if in his power to do so, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not less than one hundred dollars or more than five hundred dollars, or by imprisonment for not more than ninety days, or by both such fines and imprisonment."

From a reading of the above statute it is plainly seen that it was the intention of the legislature that a person when called before the grand jury to testify about a violation of the liquor laws, must testify, regardless of the fact that it would incriminate him. On the other hand, in order to protect him, and not to take advantage of him they agreed not to prosecute him for any violation of the

liquor law about which he testified before the grand jury.

The demurrer of the district attorney admitted that all of the facts set forth in the plea of immunity were true as stated therein, but that the facts as stated were not sufficient in law to sustain his plea of immunity. The court accepted the theory of the state and sustained the demurrer of the district attorney, and this in itself constitutes error. *Wall* v. *State* (Miss.), 62 So. 417.

In *Wall* v. *State*, 62 So. 417, Smith, C. J., said: "Appellant, a regularly elected and duly qualified constable, was convicted in the court below under section 1301 of the Code, which makes failure on the part of certain officers 'to return offenders' a misdemeanor. The facts are that some time prior to the finding of the indictment upon which appellant was tried, one Annie Craft unlawfully sold intoxicating liquor in his presence and he neglected to make an affidavit against her or to take any steps whatever to bring about her prosecution for the crime. Afterwards, and before the present indictment was found, he was summoned before the grand jury, and then testified relative to Annie's offense. In delivering this testimony which he was compelled to do under the provisions of section 1792 of the Code, appellant disclosed facts which incriminated him, to-wit, knowledge by him of the commission of an offense and a failure 'to return' the offender; and under the provisions of this section he is immune from prosecution therefor. The demurrer to his special plea setting up this defense should have been overruled."

In *Griffith* v. *State*, 90 So. (Miss.) 81, it was held that section 1792, Code of 1906, is not repealed by section 9, chapter 189, Laws of 1918, and under the provisions of these sections, where a party is introduced as a witness at the preliminary trial of one charged with manufacturing liquors, and compelled to testify, and disclose a violation of the liquor laws on his part, he is immune from prosecution for the same.

In *Lucas* v. *State*, 93 So. (Miss.) 437, Smith, C. J., very

clearly disposed of this case, and taking that case as a guide for the one at bar there can be but one result, to-wit, the reversal of the present case, and an order of dismissal. In that case a man who had already been indicted for manufacturing liquor appeared before the grand jury, possibly voluntarily, and testified. SMITH, C. J., in delivering that opinion says: "The appellant was convicted of distilling intoxicating liquor, and the evidence is that the still was being operated by the appellant and several others. By a special plea he claimed immunity under section 1792, Code of 1906 Hemingway's Code, sec. 2106), for the reason that he had appeared before the grand jury and testified as to the operation of the still. This plea is supported by the evidence, but the appellant was not allowed the immunity claimed.

"It is not clear from the evidence whether the appellant's appearance before the grand jury was voluntary or under compulsion, and when he appeared before it the grand jury had already voted to return an indictment against him for distilling liquor. The statute invoked covers all testimony relative to the sale, manufacture, etc., of intoxicating liquors, that has been permitted to be given before a court or grand jury, and contains no limitation of benefits either to such persons who have testified under compulsion, or who have testified before the finding of an indictment against them." See, also, *Hosey* v. *State,* 100 So. 577.

II. The court below erred in overruling the motion in arrest of judgment. The motion in arrest of judgment attempted to detail every bit of the actual facts of this case that transpired before the grand jury: The agreed testimony presented to the court by the district attorney and the attorneys for the defendant shows conclusively that this defendant in the court below was called before the grand jury of Leake county, Mississippi, and there caused to testify about the very violation of the liquor

laws for which he was at that time being tried in the circuit court. It is agreed that the appellant told the truth about the matter, and that he admitted on examination that he had possession of the liquor. And all of this occurred before he was tried in circuit court of the charge he was later tried on, and about which he testified before the grand jury.

The attention of the court is called to the agreed testimony on motion in arrest, as found in the record on pages 49, 50 and 51. There is no dispute as to the truthfulness of the facts set up in the motion. The district attorney as appears from the agreed statement of facts offered in evidence, and considered by the court, on the motion in arrest of judgment, knows that the defendant was brought before the grand jury, and there compelled to testify. It is our sole contention that this act, or this fact, in itself, under section 1792, Code of 1906, renders the defendant immune from prosecution. In support of this argument, we respectfully cite *Griffin* v. *State,* 90 So. (Miss.) 81; *Lucas* v. *State,* 93 So. (Miss.) 437; *Wall* v. *State,* 62 So. (Miss.) 417; *Hosey* v. *State,* 100 So. 577.

*E. C. Sharp,* Assistant Attorney-General, for the state.

There can be no question of the guilt of appellant and under the rule laid down in the case of *Falkner* v. *State,* 98 So. 691, he cannot be heard to complain of the wrongful search of a car belonging to Triplett.

The only question presented to this court is whether or not the court erred in sustaining the demurrer to the plea of immunity filed by appellant, or whether or not the appellant did not waive any rights which he may have had to immunity by failing or refusing to introduce testimony to show that he did in fact appear before the grand jury and testifying concerning the liquor with which he was charged with having in his possession. Even after the demurrer to the plea had been sustained, was it not his

duty to introduce, or offer to introduce, evidence to show
that he in fact did appear before the grand jury and was
entitled to the immunity granted by section 1792, Code
of 1906? However, it appears that, after the verdict of
the jury had been returned, appellant filed a motion in
arrest of judgment and an agreed statement of facts in
support of the motion presented to the court. In the
agreed statement of facts it is shown that he did in fact
appear before the grand jury in response to a summon
issued by the state and then and there testified to the
possession of the whisky in question.

We are familiar with the ruling of the court in the
case of *Lucas* v. *State,* 130 Miss. 8, 93 So. 437, and with
the decision in the case of *J. Moody Ryan* v. *State,* de-
cided by this court on October 6, 1924, being number 24215
on the docket of the supreme court of Mississippi, and
with these cases before us, we submit this case without
further argument.

Argued orally by *Jas. T. Crawley,* for appellant, and
by *E. C. Sharp,* Assistant Attorney-General, for state.

Cook, J., delivered the opinion of the court.

On April 6, 1923, the appellant was convicted in a
justice of the peace court of Leake county on a charge
of unlawfully having in his possession more than one
quart of intoxicating liquors, and from this conviction
he appealed to the circuit court. In the circuit court he
filed a plea of immunity, alleging in effect that after he
had appealed said cause and while it was pending in
the circuit court he was subpœnaed before the grand
jury at the November, 1923, term of the circuit court;
that pursuant to said subpœna he appeared before the
said grand jury, and in answer to questions propounded
to him there testified to all the facts and circumstances
relating to the charge then pending against him on ap-
peal and for that reason he claimed immunity from fur-

ther prosecution under section 1792, Code 1906 (section 2106, Hemingway's Code). The state demurred to this plea on the ground, first, that the plea was insufficient to show that the defendant was immune from prosecution or punishment under the affidavit, and, second, the plea shows that defendant appeared before the grand jury long after the date of the filing of the affidavit upon which the prosecution was based.

This demurrer to the plea of immunity was sustained by the court, and the defendant was placed upon trial and again convicted. After the conviction in the circuit court the appellant filed a motion in arrest of judgment, and praying that *non obstante veredicto* an order be entered vacating said conviction and discharging the appellant from further prosecution of said charge; the motion setting forth in detail the facts in reference to his appearance before the grand jury and the testimony he was there required to give in regard to the particular charge upon which he had been convicted. On the hearing of this motion a statement of facts, signed by the district attorney and the attorneys for the defendant, was offered in evidence, the same being as follows:

"That on the motion in arrest of judgment the following is true:

"That there was an affidavit made against Tom Sudduth in April, 1923, in Leake county, Miss.. district No. 2, charging him with possessing liquor; that he was duly tried before a justice of the peace of Leake county, Miss., and was convicted. That he appealed his case to the circuit court of Leake county, Miss. That during the month of November, 1923, and while said appeal was pending before the circuit court of Leake county, Miss., and before he had been tried in said circuit court on said charge, the regular November term of the circuit court convened, and a grand jury was impaneled. That during said term of said grand jury the said defendant

Tom Sudduth was duly served with a subpœna commanding him to appear before said grand jury. That this subpœna was duly served, and he was brought before said inquisitorial body. That while he was before said grand jury he was by them asked about and answered all questions concerning said possession of said liquor that he is now charged with having possessed. That he then and there and at that time admitted all matters concerning said possession of said intoxicating liquor that he is charged with having possessed in this case. In other words, that he, while before said grand jury, was asked about his said violation of the law in regard to having liquor in his possession, and he answered truthfully all such questions asked him, and admitted having the same in his possession.

"That thereafter, to-wit, at the April term, 1924, of the circuit court of Leake county, Miss., he was arraigned on said charge in said circuit court, and filed a plea of immunity to said prosecution, which was demurred to by the state, and the demurrer sustained by the court. That exception was taken by the defendant and the case tried, and this case for which he was tried and convicted was the case about which he was questioned, and concerning which he gave information to the grand jury of Leake county, Miss., at the November term, 1923."

The court overruled this motion, and imposed a sentence on the defendant, and from this judgment this appeal was prosecuted.

The demurrer to the indictment was erroneously sustained, and for this error the judgment of the court below must be reversed. The precise question was decided in the case of *Triplett* v. *State,* 101 So. 501, decided October 13, 1924, and not yet (officially) reported. See, also, *Griffin* v. *State,* 127 Miss. 315, 90 So. 81; *Lucas* v. *State,* 130 Miss. 8, 93 So. 437; *Hosey* v. *State* (Miss.), 100 So. 577.

Upon the statement of facts as agreed to by the representative of the state, and offered in evidence on the motion in arrest of judgment, the appellant was clearly entitled to the immunity guaranteed by the statute, and we are of the opinion that this motion should have been sustained and the appellant discharged. The judgment of the court below will therefore be reversed, and judgment entered here discharging the appellant.

Reversed, and judgment discharging appellant.

*Reversed.*