268 So.2d 338 (1972)
Willie CAPLER
v.
STATE of Mississippi.
No. 45737.
Supreme Court of Mississippi.
November 6, 1972.
*339 Fountain D. Dawson, Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen. and Velia Ann Mayer and Karen Gilfoy, Special Asst. Attys. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice.

ON MOTION TO DISCHARGE OR FOR OTHER APPROPRIATE RELIEF
The defendant in this case was convicted of murder and sentenced to suffer death. On a former date this Court affirmed the judgment of the Circuit Court of Washington County, Mississippi. Capler v. State, 237 So.2d 445 (Miss. 1970). After defendant's petition for rehearing was denied by this Court, he filed a petition in the United States Supreme Court for a writ of certiorari. This writ was granted and the Supreme Court of the United States ordered "that the judgment of the Supreme Court of Mississippi in this case be vacated insofar as it leaves undisturbed the death penalty imposed and that this cause be remanded to the Supreme Court of the State of Mississippi for further proceedings." Capler v. Mississippi, 408 U.S. 937, 92 S.Ct. 2862, 33 L.Ed.2d 754 (1972). This order and mandate followed the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
The defendant then filed in this Court his motion for the following relief: (1) for the discharge of the defendant, or (2) in the alternative, that he be resentenced under Mississippi Code 1942 Annotated section 2562 (1956), or (3) such other relief as he may be entitled to under the circumstances.
The main thrust of defendant's motion is that under Furman v. Georgia, supra, the Mississippi statute providing for punishment upon conviction of murder has been held unconstitutional, and that the entire statute must therefore fall.
It is argued that under State v. Jackson, 143 Miss. 745, 109 So. 724 (1926), and State v. Sansome, 133 Miss. 428, 97 So. 753 (1923), the statute is not separable but constitutes a single scheme which is unconstitutional in part, and, since the remainder is not separable, the entire statute must fall. Murder is punishable under Mississippi Code 1942 Annotated section 2217 (1956), which is as follows:
Every person who shall be convicted of murder shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; or unless the jury shall certify its disagreement as to the punishment as provided by section 1293 (Code of 1930; § 2536, Code of 1942) in which case the court shall fix the punishment at imprisonment for life.
We have carefully considered State v. Jackson, supra, and State v. Sansome, supra, and hold that the decisions in those cases are not applicable to the present problem. The only infirmity in section 2217 is that the harsher penalty of death may not lawfully be imposed. The remaining part of the statute is complete, and it does not follow that the remaining provision providing for imprisonment in the penitentiary for the life of the defendant must fall. We hold that because of the decision in Furman v. Georgia the death penalty cannot be inflicted; that the remainder *340 of the statute is valid, and the only other punishment for murder is life imprisonment.
It follows, therefore, that the defendant is not entitled to be resentenced under Mississippi Code 1942 Annotated section 2562 (1956), which provides that offenses for which a penalty is not provided elsewhere by statute shall be punishable by a fine of not more than five hundred dollars ($500.00) and imprisonment in the county jail for not more than six (6) months.
In the alternative, the defendant requests that the Court again consider his contention that the jury which convicted him was not selected from a fair cross-section of the county and that the trial court's instructions on the defense of insanity were erroneous. These matters were considered upon the original appeal to this Court and were found to be without merit.
Motion sustained in part, overruled in part, and remanded to the trial court for resentencing of defendant.
All Justices concur.