# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CP-00200-SCT

*JESSIE LEE IVY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/20/98 |
| TRIAL JUDGE: | HON. HARVEY S. BUCK |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/21/1999 |
| MOTION FOR REHEARING FILED: | 1/19/99 |
| MANDATE ISSUED: | 4/22/99 |

### BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.

### ROBERTS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Defendant, Jessie Lee Ivy, appeals from the Circuit Court of Lowndes County, Mississippi, where he pled guilty in August 1978 to the capital murder of Ellena Jane Hixson, committed in 1973. The trial court sentenced the defendant to life imprisonment.

¶2. On October 13, 1997, Ivy filed his initial motion for post conviction relief in the Circuit Court of Lowndes County, alleging that his life sentence was improperly imposed by the trial court. On February 20, 1998, the trial court denied Ivy's motion ruling that it was time barred by the three (3) year statute of limitations contained in the Mississippi Post Conviction Relief Act.

¶3. Aggrieved by the ruling of the court below, Ivy now petitions this Court for post conviction relief asserting the following points of error:

> **I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST CONVICTION RELIEF MOTION AS BEING TIME BARRED.**

## II. THE TRIAL COURT COULD NOT IMPOSE A LIFE SENTENCE UPON APPELLANT, ABSENT A RECOMMENDATION OF THE JURY.

¶4. The judge below was in error when he denied the Appellant's petition. Although, the Appellant filed his petition ten (10) years after the applicable statute of limitations had expired, petitions alleging an illegal sentence are not subject to the time bar. However, after considering Ivy's petition for post conviction relief on the merits, we find that the trial court which originally sentenced him did have the authority to impose a life sentence. Therefore, Ivy's petition is without merit and is denied.

## STATEMENT OF THE FACTS

¶5. In 1978, a Lowndes County grand jury indicted Jessie Lee Ivy for the capital murder of Ellena Jane Hixson, while engaged in the commission of the crime of kidnaping. The Circuit Court appointed Clark Coleman to represent Ivy in his defense.

¶6. On August 23, 1978, Ivy, through the advice of his attorney, withdrew his plea of not guilty and entered a guilty plea. The plea was accepted by the trial judge and Ivy was subsequently sentenced to life imprisonment under the custody of the Mississippi Department of Corrections at Parchman.

¶7. Almost ten (10) years later, in October of 1997, Ivy filed a motion for post conviction relief in the Circuit Court of Lowndes County. The trial court denied Ivy's motion as being time barred. Ivy now appeals the lower court's decision to this Court.

## DISCUSSION OF THE ISSUES

## I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST CONVICTION RELIEF MOTION AS BEING TIME BARRED.

¶8. The Appellant's first argument asserts that the trial court was in error when it held that Ivy's motion for post conviction relief was time barred.

¶9. Mississippi Code Annotated § 99-39-5(2) (1994) of the Mississippi Post Conviction Relief Act, states in relevant part that, "[a] motion for relief under this chapter shall be made. . .in case of a guilty plea, within three (3) years after entry of the judgment of conviction."

¶10. In *Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992), a case factually similar to the one *sub judice*, we held that:

> Because he [Campbell] filed his petition outside the statutory three-year time period and did not present either an intervening case or new evidence as an exception to the time limitation, we find that the petition was time-barred.

¶11. Ivy entered his guilty plea on August 23, 1978. The Mississippi Post Conviction Relief Act was not in effect at the time the Appellant pled guilty, but he had three (3) years from the date of enactment to file a petition for post conviction relief. As this Court noted in *Campbell*, supra, the Post Conviction Relief Act became effective on April 17, 1984. *Campbell*, 611 So. 2d at 210. Consequently, Ivy's deadline for timely filing his petition was April 17, 1987.

¶12. The Appellant, however, did not file his petition for relief until October 13, 1997, some ten (10) years

after the deadline. Normally, the judge below would have been correct in finding that Ivy's claim was time barred.

¶13. However, in **Luckett v. State**, 582 So. 2d 428, 430 (Miss. 1991), we held that errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration. *See also* **Smith v. State**, 477 So. 2d 191, 195-96 (Miss. 1985).

¶14. As a result, the trial court incorrectly barred Ivy's petition for violation of the three (3) year statute of limitations in Miss. Code Ann. § 99-39-5(2). Ivy's petition alleged that he was serving time under an illegal sentence and was therefore not subject to the time bar. Thus, the trial court below was in error when it dismissed Ivy's petition for post conviction relief.

## II. THE TRIAL COURT COULD NOT IMPOSE A LIFE SENTENCE UPON APPELLANT, ABSENT A RECOMMENDATION OF THE JURY.

¶15. The Appellant next alleges that the trial court which originally sentenced him to life imprisonment lacked the authority to do so absent a jury recommendation.

¶16. When Ivy committed the murder in 1973, the punishment for his crime, contained in Miss. Code 1942 Ann. § 2217 (1957), read as follows:

> Every person who shall be convicted of murder shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; or unless the jury shall certify its disagreement as to the punishment as provided by section 1293 (Code of 1930; § 2536, Code of 1942) in which case the court shall fix the punishment at imprisonment for life.

¶17. Following its decision in **_Furman v. Georgia_, 408 U.S. 238 (1972)**, the U.S. Supreme Court found that Mississippi's statutory scheme for imposing the death penalty was unconstitutional. In response to this mandate, we stated the following regarding § 2217:

> We have carefully considered **State v. Jackson**, *supra*, and **State v. Sansome**, *supra*, and hold that the decisions in those cases are not applicable to the present problem. The only infirmity in section 2217 is that the harsher penalty of death may not lawfully be imposed. The remaining part of the statute is complete, and it does not follow that the remaining provision providing for imprisonment in the penitentiary for the life of the defendant must fall.

**Capler v. State**, 268 So. 2d 338, 339 (Miss. 1972).

¶18. Ivy argues that § 2217 only allows the judge to impose life imprisonment if a jury certifies its disagreement as to the punishment. Absent such a decision by the jury, Ivy claims that the judge does not have authority to issue a life sentence. We disagree.

¶19. Since the U.S. Supreme Court had declared the death penalty portion of § 2217 unconstitutional, the only viable sentence at the time Ivy committed the murder was life in prison. The sentencing judge did not have the discretion to give Ivy the death penalty, nor a sentence less than life imprisonment.

¶20. Thus, this Court holds that Ivy was properly given the only sentence available to a convicted murderer

in Mississippi in 1973 - a life sentence.

## CONCLUSION

¶21. This Court holds that the court below improperly declined to hear Ivy's petition for post conviction relief. The Appellant filed his petition ten (10) years after the applicable statute of limitations had expired. However, as his petition alleged an illegal sentence, the time bar did not apply. Additionally, Ivy's second point of error is without merit. The sentencing judge properly gave Ivy the only sentence possible under the law as it then existed- life imprisonment. Therefore, after considering Ivy's petition for post conviction relief on the merits, it is denied accordingly.

¶22. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**