STATE *v.* WHITE.*

(Division A.   Oct. 12, 1925.)

[105 So. 500.   No. 25094.]

INTOXICATING LIQUORS.   *Person testifying as to violation of prohibition laws is immune from prosecution for crime revealed by his testimony.*

A statute enacted after the adoption of the Code of 1906, prohibiting the manufacture of intoxicating liquors, and not purporting to amend any particular section of the Code chapter on intoxicating liquors, is an amendment of that chapter of the Code within the meaning of section 1792, Code of 1906 (Hemingway's Code, section 2106), which provides that no person shall be excused from testifying in any cause or proceeding based upon or growing out of any alleged violation of the Code chapter on intoxicating liquors, "or any amendment thereof," and granting such person immunity from prosecution for crime revealed by his testimony.

*Headnote 1.   Intoxicating Liquors, 33 C. J., Section 193 (Anno.).

APPEAL from circuit court of Scott county.
HON. G. E. WILSON, Judge.

Charley White was awarded immunity from prosecution for manufacturing intoxicating liquor, and the state appeals.   Affirmed.

*J. L. Byrd,* Assistant Attorney-General, for the state.

This is an appeal by the state from a judgment of the circuit court of Scott county, Mississippi, sustaining a plea of immunity filed by appellee in a case where he

was indicted for manufacturing intoxicating liquor, and discharging the appellee from custody. After the indictment had been returned against him, the appellee caused himself to be called before the grand jury and there made a full disclosure of the facts connected with the crime for which he was indicted. The state's evidence shows that he voluntarily went before the grand jury and testified without ever having been subpœnæd and without any subpœna having been issued for him.

When his case came on for trial, he filed his plea claiming immunity under section 2106, Hemingway's Code. The court heard the proof, sustained the plea and discharged the appellee from custody, and the state appeals. Section 2106 has been construed by this court to mean that the immunity there provided for, applies only to violations of the provisions of that chapter, which chapter does not have any reference to distilling. *Maxie* v. *State*, 97 So. 560.

Based on the reasoning of the foregoing opinion, we most respectfully submit that this plea of immunity was improperly sustained, for the reason that the disclosures made by appellee were not made with regard to any violation of the law contained in chapter 40, Code of 1906.

We submit too that the plea should not have been sustained, because the proof shows that the appellee's appearance before the grand jury was free and voluntary and no force whatever was used and his acts amounted to, and were in fact a waiver of any right he might have had to claim immunity.

*Eastland & Mize* and *Huff & Lee*, for appellee.

The evidence does not show that appellee caused himself to be called before the grand jury. The evidence shows that one of the jurors called him before the grand jury. When appellee had been called before the grand jury and had been sworn to tell the truth, he was

questioned as to whether he knew of any violations of the Prohibition Laws, and was questioned about same, and he made a full disclosure of all facts and circumstances which tended in any way to incriminate him.

Waiving a jury, and submitting the question of. law and fact to the judge as court and jury on the sole issue of whether appellee had procured himself to be a witness before the grand jury, after hearing the evidence, the court sustained the special plea of immunity, and ordered the appellee discharged.

The attorney-general takes the position that section 2106, Hemingway's Code, the immunity statute, applies only to violations of that chapter, which is the chapter on Intoxicating Liquors, and doubtless this is true, if qualified with ''or any amendment thereof'' as provided by the statute. In the same chapter, that is, on Intoxicating Liquors, which is an amendment of the chapter, at section 2163t, Hemingway's Code, Supplement of 1921, is found the law as written against the manufacture of liquors. We, therefore, fail to grasp the intent and purpose of his statement that this section 2106 has no reference to distilling. This court itself in the case of *Maxie* v. *State*, 97 So. 560, and cited in the attorney-general's brief, has said that it applies to intoxicating liquor and does not include prosecutions for homicide, as in that case.

This case is foreclosed by *Lucas* v. *State*, 93 So. 437, 130 Miss. 8. We submit, if the court please, that in the above-cited case, this court has held (1) that section 2106, the immunity statute, may be invoked by one who has participated in the manufacture of intoxicating liquor, if such an one has made disclosures relative thereto before a grand jury — and we submit that this holding destroys the argument of the attorney-general; (2) that even though one has been indicted and charged with this crime, yet if he subsequently appears before the grand jury and testifies relative to his participation therein, he is immune from punishment therefor; (3)

that even though such an one charged with the manufacture of intoxicating liquor voluntarily appears before the grand jury and testifies, the statute still applies and he cannot be punished for the crime charged against him. See also *Hosey* v. *State,* 100 So. 577; *Ryan* v. *State,* 101 So. 381; *Triplett* v. *State,* 101 So. 501; *Sudduth* v. *State,* 101 So. 711.

SMITH, C. J., delivered the opinion of the court.

This is an appeal by the state from a judgment awarding the appellee immunity from a prosecution for the crime of manufacturing intoxicating liquor. The statute under which the court below acted is a section in the chapter of the Code on intoxicating liquors, and provides:

"No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court," etc. Section 1792, Code of 1906 (Hemingway's Code, section 2106).

When the statute was enacted, the chapter of the Code of which it is a part contained no prohibition of the manufacture of intoxicating liquor; but subsequently section 18, chapter 189, Laws of 1918 (Hem. Supp. 1921, section 2163t), was passed. This statute does not purport to amend any section of the Code chapter on intoxicating liquors, and, while technically it may not

be an amendment thereof, it does amend the law of intoxicating liquors as set forth therein by prohibiting the manufacture of liquor which theretofore the Code chapter did not expressly prohibit. *Lucas* v. *State*, 130 Miss. 8, 93 So. 437.

*Affirmed.*